UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **SACV 09-1090-VBF(RNBx)**                    Dated: **November 16, 2009**

Title:    Manuel Vasquez, et al. -*v*- Tony Rackaukas, et al.

PRESENT:    HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

        Rita Sanchez                              None Present
        Courtroom Deputy                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:

        None Present                              None Present

**PROCEEDINGS (IN CHAMBERS):**        **RULING ON SUBMITTED
                                       MATTER: PLAINTIFFS' MOTION
                                       FOR PRELIMINARY INJUNCTION
                                       (dkt. 51); STATEMENT OF
                                       DECISION AND FINDINGS OF
                                       FACT AND CONCLUSIONS OF
                                       LAW (Fed. R. Civ. Proc. 52(a)(2))**

    After considering the papers filed and counsel's oral arguments at the hearings on
November 5 and 6, 2009, the Court DENIES the Plaintiffs' Motion for Preliminary
Injunction on the ground that the equitable relief sought is not appropriate.   The Proposed

MINUTES FORM 90                              Initials of Deputy Clerk __rs__
CIVIL - GEN

Preliminary Injunction[1] does not meet the requirements of Federal Rule of Civil Procedure 65(d)(1)(B) and (C). The terms of the Proposed Preliminary Injunction are not sufficiently specific; they are unclear particularly as to the "judicial hearing" requirement. Additionally, and especially in light of the foregoing, the relief requested in the Proposed Preliminary Injunction is not useful or workable and would be an affront, at this time, to comity and an impairment of the sovereign powers or dignity of the State of California. *See Hoover v. Wagner*, 47 F.3d 845 (7th Cir. 1995); *Gottfried v. Medical Planning Servs., Inc.*, 142 F.3d 326 (6th Cir. 1998).

## FINDINGS OF FACT AND BACKGROUND

### The Parties to this Action

1. The Plaintiff-Petitioners ("Plaintiffs") Michael Vasquez, Miguel Lara, Gabriel Bastida and James Doe bring this action individually and on behalf of a class defined as:

> All persons named as individual defendants in *People v. Orange Varrio Cypress Criminal Street Gang, et al.*, Orange County Superior Court, 30-2009 00118739, dated February 17, 2009, who appeared or attempted to appear, either pro per or through an attorney, in the Orange County Superior Court to defend themselves and were voluntarily dismissed by the Orange County District Attorney's office and have now been served or will be served with the Order for Permanent Injunction against "Orange Varrio Cypress Criminal Street Gang" dated May 14, 2009, and therefore subject to its provisions, but do not have contempt proceedings currently pending against them. Compl. ¶ 84 (dkt. #1).

2. Additionally, Plaintiff James Doe brings this action individually and on behalf of the following sub-class:

> All juveniles named as individual defendants in *People v. Orange Varrio Cypress Criminal Street Gang, et al.*, Orange County Superior Court, 30-2009 00118739, dated February 17, 2009, who attempted to appear in the Orange County Superior Court, either individually or through a parent, but could not have a guardian ad litem appointed because neither the juveniles nor their parents could afford an attorney and

---

[1]The Plaintiffs' Proposed Preliminary Injunction was submitted at the hearing on November 6, 2009, and is hereby attached.

therefore could not and did not formally appear; were voluntarily dismissed by the Orange County District Attorney's office and have now been served or will be served with the Order for Permanent Injunction against "Orange Varrio Cypress Criminal Street Gang" dated May 14, 2009, and therefore subject to its provisions, but do not have contempt proceedings currently pending against them. Compl. ¶ 85.

3. The Defendants are Tony Rackaukas, the Orange County District Attorney ("OCDA") and Robert Gustafson, Chief of the Orange Police Department ("OPD"). The Defendants are sued only in their official capacities. Compl. ¶ 1.

**The Complaint in this Federal Action**

4. On September 23, 2009, the Plaintiffs filed their Complaint for Declaratory and Injunctive Relief and Petition for Writ of Habeas Corpus against the Defendants. The Complaint has two causes of action for procedural due process violations: the first is a 42 U.S.C. Section 1983 claim under the 14th Amendment of the U.S. Constitution, and the second is a claim under the California Constitution, Art. I, section 7. Compl. ¶¶ 97-103.

5. The Plaintiffs seek to enjoin Defendants and their directors, officers, agents and employees from enforcing the terms of the permanent injunction order against them issued in *People v. Orange Varrio Cypress Criminal Street Gang, et al.*, Orange County Superior Court, 30-2009 00118739 and those similarly situated "without first providing them with a full constitutionally-adequate hearing." Compl. Prayer for Relief.

6. Plaintiffs challenge Defendants' tactics in subjecting them to a gang injunction, obtained via default against the gang to which they allegedly belong, after dismissing the Plaintiffs from that suit. Compl. ¶ 4

7. On September 29, 2009, the Court denied the Plaintiffs' Ex Parte Application for a Temporary Restraining Order, but set an Order to Show Cause re Preliminary Injunction hearing for November 5, 2009 (dkt. #45).

**The State Court Action**

MINUTES FORM 90                                     Initials of Deputy Clerk ___rs___
CIVIL - GEN

8. On February 1, 2009, the OCDA, on behalf of The People of the State of California, filed in the Superior Court of California for the County of Orange ("OCSC"), a Complaint for Preliminary and Permanent Injunction to Abate a Public Nuisance. *People v. Orange Varrio Cypress Criminal Street Gang, et al.*, Orange County Superior Court, 30-2009-00118739. *See* Decl. of Belinda Escobosa Helzer in Supp. of Pls.' Ex Parte App. for TRO & OSC re Prelim. Inj., dated Sept. 23, 2009 ("Helzer Decl.") Ex. B (dkt. #14).

9. The OCDA sued not only the Orange Varrio Cypress Criminal Street Gang ("OVC") but also 115 individuals and 150 Does alleged to be active members or associates. *See* Helzer Decl. Ex. B.

10. On February 23, 2009, the OCDA filed an ex parte application to serve OVC under California Civil Procedure Code § 416.40(c). The OCDA requested and obtained permission to serve the gang via a named defendant, Patrick DeHerrera, whom the OCDA alleged was an OVC member. *See* Helzer Decl. Ex. M.

11. On or about February 24 & 25, 2009, OPD officers served the summons, complaint, and supporting papers totaling at least 500 pages on numerous individuals named in the state court complaint, including Plaintiffs. *See* Decl. of Manuel Vasquez in Supp. of Pls.' Ex Parte App. for TRO & OSC re Prelim. Inj., dated Sept. 22, 2009 ("Vasquez Decl.") ¶¶ 8-9 (dkt. #13); Decl. of Miguel Lara in Supp. of Pls.' Ex Parte App. for TRO & OSC re Prelim. Inj., dated Sept. 22, 2009 ("Lara Decl.") ¶ 8 (dkt. #78); Decl. of Gabriel Bastida in Supp. of Pls.' Ex Parte App. for TRO & OSC re Prelim. Inj., dated Sept. 22, 2009 ("Bastida Decl.") ¶ 8 (dkt. #15); Decl. of Jane Doe in Supp. of Pls.' Ex Parte App. for TRO & OSC re Prelim. Inj., dated Sept. 22, 2009 ("Jane Doe Decl.") ¶ 4 (dkt. #8).

12. Ultimately, 34 defendants (all adults) – including Plaintiffs Lara and Vasquez – filed an answer or a general denial in response to the complaint. *See* Helzer Decl. ¶¶ 21, 23 & Ex. E at 50-51, 61, 64, 66, 68, 70, 78-79, 81-85, 88; *see also* Lara Decl. Ex. F; Vasquez Decl. Ex. B.

13. On May 12, 2009, the OCDA filed a request for dismissal against 62 individuals. *See* Helzer Decl. ¶ 49 & Ex. K. This group included the 34 adults who responded to the complaint either by filing a general denial and/or an answer and approximately 26 unrepresented juveniles. *Id.* The dismissal was entered on May 12, 2009.

14. On May 14, 2009, the OCSC granted the OCDA's request for default and judgment, signing the Order for Permanent Injunction against OVC and individuals who had not filed a response to the complaint and had default entered against them. *See* Helzer Decl. ¶ 62; Vasquez Decl. Ex. F.

15. The Order for Permanent Injunction applied to the OVC and to all members of the gang, whether or not named in the original lawsuit and to all "participants, agents, associates, servants, employees, aiders, and abettors whose membership, participation, agency, association, service, employment, aid or abetment is more than nominal, passive, inactive, or purely technical and all persons acting under, in concert with, for the benefit of, at the direction of, or in association with the OVC criminal street gang in any manner that is more than nominal, passive, inactive, or purely technical." *See* Compl. Ex. A at 6:17-24 (dkt. #1). The terms of the Order for Permanent Injunction applied to a limited gang operation area in the City of Orange, which the state court termed the "Safety Zone." *Id.* at 8:9.

16. In early June, the OCDA, by and through the OPD, began to serve the Order for Permanent Injunction. As of late September 2009, 94 individuals were served with the Order for Permanent Injunction. *See* Decl. of Det. Joel Nigro in Supp. of Defendant Gustafson's Opp. to Pls.' Ex Parte App. for TRO, dated Sept. 28, 2009 at ¶ 14 (dkt. #21-3). These individuals include at least 22 individuals, including Plaintiffs, who had been named in the litigation against OVC and its members but were voluntarily dismissed by the OCDA. *See* Helzer Decl. ¶ 64; Lara Decl. ¶ 32; Bastida Decl. ¶ 29; Vasquez Decl. ¶ 22; Jane Doe Decl. ¶ 19.

17. Along with the Order for Permanent Injunction, the OCDA and OPD served a notice stating:

> YOU ARE HEREBY PUT ON NOTICE THAT ON MAY 14, 2009, JUDGE KAZUHARU MAKINO SIGNED AN ORDER FOR PERMANENT INJUNCTION AGAINST THE ORANGE VARRIO CYPRESS CRIMINAL STREET GANG.
>
> ALL MEMBERS OF THE GANG ARE SUBJECT TO THE TERMS OF THE PERMANENT INJUNCTION.
>
> ALL MEMBERS OF THE GANG, WHETHER OR NOT NAMED IN THE ORIGINAL LAWSUIT OR NAMED IN THE ORIGINAL LAWSUIT AND LATER

MINUTES FORM 90                                      Initials of Deputy Clerk   rs
CIVIL - GEN

DISMISSED FROM THE LAWSUIT . . . . ARE SUBJECT TO THE TERMS OF THE PERMANENT GANG INJUNCTION.

. . .

**ALL PERSONS DESCRIBED ABOVE WILL FACE CRIMINAL PROSECUTION PURSUANT TO PENAL CODE SECTION 166(a)(4) FOR ANY WILLFUL VIOLATION OF ANY PROVISION LISTED IN THE PERMANENT GANG INJUNCTION.**

*See, e.g.*, Vasquez Decl. ¶ 24 & Ex. F at 1 (emphasis in original).

18. On July 10, 2009, the OCSC granted Plaintiff Gabriel Bastida's request to vacate the default entered against him and to be permitted to contest the allegations against him. *See* Bastida Decl. ¶ 23 & Ex. F at 25. In late April 2009, the OCDA had sought and obtained entry of default against Mr. Bastida. *Id.* ¶ 18. In mid-May 2009, Mr. Bastida had filed a request to vacate the default and a general denial, requesting that he be allowed to present a defense at trial and contest the allegations against him. *Id.* ¶¶ 19, 21, 22 & Ex. E; *see also* Compl. ¶¶ 70-72.

19. On July 16, 2009, the OCDA dismissed the case against Gabriel Bastida. *See* Bastida Decl. ¶ 26 & Ex. H; *see also* Compl. ¶ 72.

20. On August 13, 2009, Defendant OPD served Gabriel Bastida with the gang injunction. *See* Bastida Decl. ¶ 29 & Ex. I; *see also* Compl. ¶ 72.

**Contempt Proceedings Are Not Pending Against Plaintiffs**

21. There are no contempt proceedings currently pending against any Plaintiff. *See* Compl. ¶¶ 84-85.

## CONCLUSIONS OF LAW

1. There is federal question subject matter jurisdiction over the Plaintiffs' Section 1983 claim, and supplemental jurisdiction over their state constitutional claim.

MINUTES FORM 90
CIVIL - GEN

Initials of Deputy Clerk   rs

2. The Plaintiffs are not required to exhaust state law remedies for the Court to have jurisdiction to review their Section 1983 claim. *See Patsy v. Bd. of Regents*, 457 U.S. 496, 507 (1982).

3. The *Rooker-Feldman* doctrine does not apply in this case. The doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Plaintiffs did not lose in state court, but rather were dismissed by the Defendants and no adverse judgment was entered against them. Additionally, the Plaintiffs do not ask the Court to review and reject the state court judgment; they ask the Court to prevent its enforcement. *Maldonado v. Harris*, 370 F.3d 945, 950 (9th Cir. 2004).

4. The Anti-Injunction Act, 28 U.S.C. Section 2283, does not apply in this case because Section 1983 claims are authorized exceptions to this Act. *See Mitchum v. Foster*, 407 U.S. 225 (1972).

5. The abstention doctrine established by *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) does not apply in this case because there is no ongoing state proceeding that is parallel to this federal case.

6. Although a closer question, the Court also finds that the *Younger* abstention doctrine does not bar this action. Two of the four requirements for the doctrine appear to be present, i.e. the proceeding implicates important state interests and the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding. The additional requirements for *Younger* abstention, however, are not met. There is no on-going state-initiated proceeding and the federal court action in this court would not enjoin the state court proceeding or have the practical effect of doing so. In other words, this federal action would not interfere with the state proceeding in a way that *Younger* disapproves. *Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001); *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1147 (9th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)).

    a. Because the Plaintiffs are not parties to the state court's injunction, it is not the equivalent of a pending state court action for purposes of *Younger*. *See Gottfried v. Medical Planning Servs., Inc.*, 142 F.3d 326, 329 (6th Cir. 1998).

MINUTES FORM 90                                     Initials of Deputy Clerk ___rs___
CIVIL - GEN

(1) The Court makes this finding while recognizing that the state court retains jurisdiction to enforce the terms of the permanent injunction. *Saga Int'l, Inc. v. John D. Brush & Co., Inc.,* 984 F. Supp. 1283, 1285 n.1 (C.D. Cal. 1997) (citing *Reebok Int'l Ltd. v. McLaughlin,* 49 F.3d 1387, 1390 (9th Cir. 1995)). Moreover, the state court may modify or dissolve an injunction pursuant to statutory authority and/or its inherent power. *See, e.g., Green Trees Enters. v. Palm Springs Alpine Estates,* 66 Cal. 2d 782, 788 (1967). The federal plaintiffs could also request general declaratory relief from the injunction in state court. *See, e.g., Gottfried,* 142 F.3d at 332; Cal. Code of Civ. Proc. § 1060. These facts do not change the finding that there is no on-going state court proceeding. *Green,* 255 F.3d at 1094-96.

(2) It also appears that the Plaintiffs could have intervened in the state court proceeding. *See, e.g., People ex rel. Totten v. Colonia Chiques,* 156 Cal. App. 4th 31 (Ct. App. 2007). The *Younger* doctrine, however, does not apply to the Plaintiffs, who were non-parties to the state court litigation at issue, simply because they could have intervened in the state court litigation. *Green,* 255 F.3d at 1102-03 ("[A]bsent a relationship with a party to a state proceeding . . . a federal plaintiff has no obligation to intervene in state court litigation raising issues similar to those that the plaintiff wishes to raise in federal court.").

(a) As stated above, intervention may be required where there is "a relationship with a party to a state proceeding." *Id.* The Court finds, however, that such relationship has not been shown in this case and that the Plaintiffs are not obliged to intervene. As the Ninth Circuit explained, "[c]ongruence of interests is not enough, nor is identity of counsel, but a party whose interest is so intertwined with those of the state court party that direct interference with the state court proceeding is inevitable may, under *Younger,* not proceed." *Id.* at 1100.

(b) The cases discussed in *Green* are instructive and support this Court's determination. The following cases, where the *Younger* doctrine was applied, are distinguishable: *Hicks v. Miranda,* 422 U.S. 332 (1975); *Delta Dental Plan of Cal. v. Mendoza,* 139 F.3d 1289 (9th Cir. 1998); *Casa Marie v. Superior Court of Puerto Rico,* 988 F.2d 252 (1st Cir. 1993). On the other hand, the following cases where *Younger* was found inapplicable, are similar to this case and supportive of this Court's determination: *Doran v. Salem Inn,* 422 U.S. 922 (1975); *Hoover v. Wagner,* 47 F.3d 845 (7th Cir. 1995).

MINUTES FORM 90
CIVIL - GEN

Initials of Deputy Clerk   rs

b. The Court considered but found insufficient legal support for any suggestion that the Plaintiffs are somehow "parties" to the state court injunction because they could be subject to the injunction as non-parties under state law. *See People ex rel Gallo v. Acuna*, 14 Cal. 4th 1090 (1997)*; People ex rel. Totten v. Colonia Chiques*, 156 Cal. App. 4th 31 (Ct. App. 2007); *People v. Englebrecht,* 88 Cal. App. 4th 1236 (Ct. App. 2001); *Hoover v. Wagner*, 47 F.3d 845 (7th Cir. 1995).

7. The preliminary injunction sought by the Plaintiffs in this Court does not adequately comply with Rule 65(d)(1). The proposed order does not "state its terms specifically" and does not "describe in reasonable detail . . . the act or acts restrained or required."

a. The Proposed Order provides in pertinent part as follows:

". . . THAT Defendants shall not subject or purport to subject any Plaintiff, or any other person similarly situated, to the Order, including by giving notice to any such person that they are subject to criminal prosecution for violation of the Order's terms under California Penal Code section 166(a)(4), unless and until that person has been afforded an opportunity to be heard at a judicial hearing and to contest the application of the Order against them. At such a hearing, Defendants must allow the person the opportunity to contest all issues he or she would have been able to contest had the OCDA not dismissed him or her from the original litigation, and Defendants must permit the person access to the evidence against him or her in substantially the same manner as he or she would have been entitled to through discovery in that litigation." *See* Plaintiffs' Proposed Preliminary Injunction at 7:27-8:9.

b. Despite its references to the original state court litigation, the Proposed Preliminary Injunction, for example, is not sufficiently clear or specific as to the nature of the "judicial hearing" and the rights of the Plaintiffs at the hearing, including their right to appointed counsel.

c. Additionally, the Proposed Preliminary Injunction appears unworkable as well as unclear, particularly as to the Defendants' responsibilities, authority and obligations at the "judicial hearing." The Proposed Preliminary Injunction, for example, states that "Defendants must allow the person the opportunity to contest all issues he or she would have been able to contest had the OCDA not dismissed him or her from the original litigation . . . ." It would seem that the state court judicial officer, and not the

MINUTES FORM 90                                    Initials of Deputy Clerk ___rs___
CIVIL - GEN

Defendants, would determine the nature of the hearing and the parties' rights at the "judicial hearing."

d. In this respect, the injunctive relief requested has some of the difficulties which were found to exist in *Hoover*. There, the Seventh Circuit indicated that the proposed injunction was "unworkable" and referred to the "difficulty of framing a useful injunction" as well as the dangers of "an empty but potentially mischievous command to these officials . . . ." *Hoover v. Wagner,* 47 F.3d 845, 851 (7th Cir. 1995).

8. In light of the principles of equity and comity, the Court finds that the preliminary injunctive relief sought by the Plaintiffs would result, at this time, in an inappropriate invocation of the equity powers of the federal court. *See Hoover v. Wagner,* 47 F.3d 845 (7th Cir. 1995). *See also Gottfried v. Medical Planning Servs., Inc.,* 142 F.3d 326 (6th Cir. 1998).

9. In light of the findings and conclusions set forth in this Ruling, particularly in the preceding seventh and eighth paragraphs, the Court finds that the Plaintiffs have not made a clear showing the equitable relief they seek is appropriate. *See Winter v. Natural Resources Defense Council, Inc.,* 129 S.Ct. 365, 381 (2008). In light of its findings that the proposed preliminary injunction does not meet the requirements of Rule 65(d)(1) and is an inappropriate invocation of the equitable powers of the federal court, the Court finds it is not necessary to address the other factors set forth by the Supreme Court in *Winter*.

10. In denying the Plaintiffs' Motion for Preliminary Injunction, this Court is not deciding the underlying merits, including entitlement to a permanent injunction.

11. The Court finds that Plaintiffs have not shown entitlement at this time to habeas corpus relief as Plaintiffs have not shown that they are prisoners, and/or that they are in custody for purposes of a writ of habeas corpus. *See Jones v. Cunningham,* 371 U.S. 236, 240 (1963); *In re Petersen,* 51 Cal. 2d 177 (1958). The Plaintiffs allege that they "do not have contempt proceedings currently pending against them." *See Compl.* ¶¶ 84-85.

12. The Court finds that it is not necessary to address the Parties' evidentiary objections at this stage. The Court may consider inadmissible evidence in deciding a preliminary

MINUTES FORM 90                                    Initials of Deputy Clerk ___rs__
CIVIL - GEN

-10-

injunction motion. *See Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).

DATED: November 17, 2009

Hon. Valerie Baker Fairbank
United States District Judge

MINUTES FORM 90
CIVIL - GEN

Initials of Deputy Clerk   rs

-11-

1  HECTOR O. VILLAGRA (SBN 177586)
   hvillagra@aclu-sc.org
2  BELINDA ESCOBOSA HELZER (SBN 214178)
   bescobosahelzer@aclu-sc.org
3  ACLU FOUNDATION OF
       SOUTHERN CALIFORNIA
4  2140 W. Chapman Avenue, Suite 209
   Orange, CA 92868
5  Telephone: 714-450-3962
   Facsimile: 714-450-3969
6
   MARK D. ROSENBAUM (SBN 59940)
7  mrosenbaum@aclu-sc.org
   PETER BIBRING (SBN 223981)
8  pbibring@aclu-sc.org
   ACLU FOUNDATION OF
9      SOUTHERN CALIFORNIA
   1313 West Eighth Street
10 Los Angeles, California 90017
   Telephone: 213. 977.9500
11 Facsimile: 213. 977.5297

12 Attorneys for Plaintiff-Petitioners

13

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17 MANUEL VASQUEZ, MIGUEL BERNAL LARA, GABRIEL BASTIDA, and JAMES DOE, by and through his guardian ad litem, JANE DOE, and all others similarly situated, | Case No. SACV-09-1090 VBF(RNBx) |
| | Honorable Valerie Baker Fairbank |
| 19 | [PROPOSED] PRELIMINARY INJUNCTION |
| 20 Plaintiff-Petitioners, | |
| 21 vs. | Hearing Date: November 5, 2009 Time: 2:30 p.m. Dept.: Courtroom 9 |
| 22 TONY RACKAUCKAS, Orange County District Attorney, in his official capacity; ROBERT GUSTAFSON, Chief of Police, Orange Police Department, in his official capacity; DOES 1 through 10, in their official and individual capacities, | CLASS ACTION |
| | Action Filed: Sept. 23, 2009 |
| 25 Defendant-Respondents. | Trial Date:  TBD |

26

27

28

1       Plaintiff-Petitioners MANUEL VASQUEZ, MIGUEL BERNAL LARA,

2   GABRIEL BASTIDA, and JAMES DOE, by and through his guardian ad litem,

3   JANE DOE's, and all others similarly situated (collectively "Plaintiffs"), Order to

4   Show Cause re Preliminary Injunction in the above-referenced action came up for

5   hearing on November 5, 2009 at 2:30 p.m. before the Honorable Valerie Baker

6   Fairbank.

7       Having considered the papers filed in support of and opposition to

8   Plaintiffs' request for preliminary injunction, the arguments of counsel, and the

9   materials submitted in this case, the Court finds and orders as follows:

10      1.    Plaintiffs are likely to succeed on their claims that Defendant-

11  Respondents TONY RACKAUCKAS, the Orange County District Attorney (the

12  "OCDA") and ROBERT GUSTAFSON, Chief of the Orange Police Department

13  (the "OPD") (collectively "Defendants") violated Plaintiffs' procedural due

14  process rights under the Fourteenth Amendment to the United States Constitution

15  and Article I, section 7 of the California Constitution, by subjecting them to the

16  provisions of the Order for Permanent Injunction, dated May 14, 2009, in *People*

17  *v. Orange Varrio Cypress Criminal Street Gang*, 30-2009-00118739 (Orange

18  County Superior Court) (the "Order") without first providing each of them with a

19  full and fair opportunity to defend themselves.

20      2.    Plaintiffs have demonstrated that they are likely to suffer irreparable

21  harm resulting from Defendants subjecting Plaintiffs to the provisions of the

22  Order.

23      3.    Plaintiffs have demonstrated that the balance of hardships tips

24  strongly in their favor.

25      4.    Plaintiffs have demonstrated that a preliminary injunction is in the

26  public interest.

27      IT IS HEREBY ORDERED that Plaintiffs' request for preliminary

28  injunction is GRANTED.

1    IT IS FURTHER ORDERED that, except as provided below, Defendant-
2  Respondent TONY RACKAUCKAS, the Orange County District Attorney (the
3  "OCDA"), and Defendant-Respondent ROBERT GUSTAFSON, Chief of the
4  Orange Police Department (the "OPD"), and their agents, servants, employees, and
5  those in active concert or participation with him in their official capacities
6  (collectively "Defendants"), are restrained and enjoined pending trial of this action
7  from undertaking any steps to Serve or Enforce the Order for Permanent
8  Injunction, dated May 14, 2009, in *People v. Orange Varrio Cypress Criminal*
9  *Street Gang*, 30-2009-00118739 (Orange County Superior Court) (the "Order")
10  against Plaintiffs, or other individuals similarly situated, in the following way:

11        a)    issuing citations, making arrests, or commencing any prosecutions for
12  alleged violations of Section "a" of the Order:

13           **Do Not Associate:**  Anywhere in any public place, any

14              place accessible to the public, or in public view, do not

15              stand, sit, walk, drive, bicycle, gather or appear with (1)

16              any person named herein, (2) anyone you know to be a

17              member, participant, agent, associate, servant, employee,

18              aider, or abettor of the Orange Varrio Cypress criminal

19              street gang, or (3) anyone you know to be acting under,

20              in concert with, for the benefit of, at the direction of, or

21              in association with the Orange Varrio Cypress criminal

22              street gang.

23        b)    issuing citations, making arrests, or commencing any prosecutions for
24  alleged violations of Section b of the Order:

25           **Do Not Intimidate:**  Anywhere in any public place, any

26              place accessible to the public, or in public view, do not

27              (1) confront, intimidate, annoy, harass, threaten,

28              challenge, provoke, assault, or batter anyone in the

1                Safety Zone, or (2) remain in the presence of or assist

2                anyone you know in confronting, intimidating, annoying,

3                harassing, threatening, challenging, provoking,

4                assaulting, or battering anyone in the Safety Zone.

5     c)     issuing citations, making arrests, or commencing any prosecutions for

6 alleged violations of Section 1 of the Order:

7                **Obey Curfew if You Are a Minor:**  If you are under

8                eighteen (18) years of age, anywhere in any public place,

9                any place accessible to the public, or in public view, do

10               not remain in or upon any public place, vacant lot, or

11               business establishment between the hours of 10:00 p.m.

12               on any day and 5:00 a.m. of the following day, unless:

13               (1) you are accompanied by your parent(s), legal

14               guardian, or by a responsible adult, (2) you are on an

15               errand without any detour or stop at the direction of your

16               parent(s), legal guardian or responsible adult, (3) you are

17               on a public or private sidewalk in front of your dwelling

18               or a dwelling directly adjacent to your dwelling, (4) you

19               are acting within the course and scope of your lawful

20               employment or business or when you are going to or

21               from such place of lawful employment or business by a

22               reasonably direct route, without detour, from or to your

23               home, or when you are going to or from a bona fide

24               interview for lawful employment by a reasonably direct

25               route, without detour, from or to your home, (5) you are

26               going to or from, are attending, or are engaged in, an

27               official school, official religious, or other expressive

28               activity within the scope of your rights under the First

1       Amendment to the Constitution of the United States

2       which activity is supervised or overseen by an adult

3       person on behalf of any public entity, civic organization,

4       non-profit organization, educational organization,

5       governmental organization, or similar organization,

6       where you are going to or from such activity in a

7       reasonably direct route, without detour, from or to you

8       home, (6) you are going to or from a place of lawful

9       entertainment, recreation, culture, or charity that is open

10      to the public, such as a restaurant, theater, museum,

11      church, sports arena, homeless shelter, food bank,

12      library, public park during operating hours, gymnasium,

13      bookstore, coffee shop, or hospital, for an activity that is

14      supervised or overseen by an adult person on behalf of

15      any public entity, civic organization, or similar

16      organization, where you are going to or from such

17      activity in a reasonably direct route, without detour, from

18      or to your home, (7) you are a registered volunteer at any

19      shelter, hospital, school or other charitable institution

20      and you are going to or from your volunteer work in a

21      reasonably direct route, without detour, from or to your

22      home, (8) you are responding to an emergency situation,

23      or (9) you are in a vehicle engaged in interstate travel.

24          d)      issuing citations, making arrests, or commencing any prosecutions for

25  alleged violations of Section m of the Order:

26      **Obey Curfew if You Are an Adult:**  If you are eighteen

27      (18) years of age or older, anywhere in any public place,

28      any place accessible to the public, or in public view, do

-5-

1    not remain in or upon any public place, vacant lot, or

2    business establishment between the hours of 10:00 p.m.

3    on any day and 5:00 a.m. of the following day, unless:

4    (1) you are on a public or private sidewalk in front of

5    your dwelling or a dwelling directly adjacent to your

6    dwelling, (2) you are acting within the course and scope

7    of your lawful employment or business, or when you are

8    going to or from such place of lawful employment or

9    business by a reasonably direct route, without detour,

10    from or to your home, or when you are going to or from

11    you home to a bona fide interview for lawful

12    employment by a reasonably direct route, without detour,

13    from or to your home, (3) you are going to or from, are

14    attending, or are engaged in, an official school, official

15    religious, or other expressive activity within the scope of

16    your rights under the First Amendment to the

17    Constitution of the United States, where you are going to

18    or from such activity in a reasonably direct route,

19    without detour, from or to you home, (4) you are going

20    to or from a place of lawful entertainment, recreation,

21    culture, or charity that is open to the public, such as a

22    restaurant, theater, museum, church, sports arena,

23    homeless shelter, food bank, library, public park during

24    operating hours, gymnasium, bookstore, coffee shop, or

25    hospital, where you are going to or from such activity in

26    a reasonably direct route, without detour, from or to your

27    home, (5) you are a registered volunteer at any shelter,

28    hospital, school or other charitable institution and you

1    are going to or from your volunteer work in a reasonably

2    direct route, without detour, from or to your home, (6)

3    you are responding to an emergency situation, or (7) you

4    are in a vehicle engaged in interstate travel.

5    e)    issuing citations, making arrests, or commencing any prosecutions for

6  alleged violations of Section n of the Order:

7    **Stay Away From Alcohol:**  Anywhere in any public

8    place, or any place accessible to the public, do not (1)

9    drink alcoholic beverages, (2) possess an open container

10    of an alcoholic beverage, (3) unlawfully be under the

11    influence of alcohol, (4) knowingly remain in the

12    presence of anyone possessing an open container of an

13    alcoholic beverage, or (5) knowingly remain in the

14    presence of an open container of an alcoholic beverage.

15    f)    issuing citations, making arrests, or commencing any prosecutions for

16  alleged violations of Section p of the Order:

17    **Obey All Laws:**  Anywhere in any public place, any

18    place accessible to the public, or in public view, obey all

19    laws and court orders.

20    g)    issuing citations, making arrests, or subject a person to criminal

21  sanctions under any provision of the Order for remaining in the presence of certain

22  classes of individuals, unless otherwise prohibited by law.

23    Where conduct proscribed by the Order also constitutes a violation of any

24  other law or court order, nothing in this Injunction limits Defendants' ability to

25  issue citations, make arrests, or commence prosecutions for violations of those

26  other laws or court orders.

27    IT IS FURTHER ORDERED THAT Defendants shall not subject or purport

28  to subject any Plaintiff, or any other person similarly situated, to the Order,

-7-

1   including by giving notice to any such person that they are subject to criminal
2   prosecution for violation of the Order's terms under California Penal Code section
3   166(a)(4), unless and until that person has been afforded an opportunity to be
4   heard at a judicial hearing and to contest the application of the Order against them.
5   At such a hearing, Defendants must allow the person the opportunity to contest all
6   issues he or she would have been able to contest had the OCDA not dismissed him
7   or her from the original litigation, and Defendants must permit the person access
8   to the evidence against him or her in substantially the same manner as he or she
9   would have been entitled to through discovery in that litigation.

10          IT IS FURTHER ORDERED THAT Plaintiffs do not have to post a bond;
11  this order shall become effective immediately, and shall continue in effect until
12  this Court enters final judgment in this action or otherwise lifts the injunction.

13

14  Dated: _____

15                                    _____
                                      The Honorable Valerie Baker Fairbank
16                                    U.S. District Court Judge

17

18

19

20

21

22

23

24

25

26

27

28