Norman J. Watkins, Esq. (SBN - 87327)
nwatkins@lynberg.com
S. Frank Harrell, Esq. (SBN - 133437)
sharrell@lynberg.com
Melissa D. Culp, Esq. (SBN - 265159)
mculp@lynberg.com
LYNBERG & WATKINS
333 The City Boulevard West, Suite 640
Orange, California 92868-5915
Telephone:  714/937-1010
Facsimile:   714/937-1003

Attorneys for Defendant-Respondent, TONY RACKAUCKAS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL VASQUEZ, et al.<br><br>Plaintiffs/Petitioners,<br><br>vs.<br><br>TONY RACKAUCKAS, et al.<br><br>Defendants/Respondents, | CASE NO. SACV 09-1090-VBF(RNBx)<br><br>*Assigned for All Purposes to:*<br>Hon. Valerie Baker Fairbank<br>Courtroom #9<br><br>**DISCOVERY MATTER**<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER**<br><br>**CLASS ACTION**<br><br>*Trial Date:   November 9, 2010*<br>*Discovery Cut Off: July 12, 2010* |

**IT IS HEREBY ORDERED** that:

1. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that this Order shall govern the handling of any information produced or disclosed by any party or non-party in this action.

2. For the purposes of this Protective Order, "Confidential Information" is testimony, written or recorded materials, and information in any other form, produced or disclosed by any party in connection with discovery or other proceedings in this case, which a party contends in good faith contains confidential information, including but not limited to, information relating to criminal street gangs, its members, associates, and/or affiliates, and their activities, that must be protected from unauthorized disclosure or dissemination so as to not jeopardize the safety and security of the disclosing party. Such Confidential Information includes this Protective Order as well as any other indication that a party is providing or intends to provide testimony, materials, or information subject to the Protective Order.

3. Confidential Information shall be designated as such by the person producing it as follows:

    (A) In the case of documents, discovery requests, discovery responses and other things, the producing party shall indicate at or before the time of disclosure that the materials or information is confidential by marking it "Confidential – Attorney's Eyes Only."

    (B) In the case of deposition transcripts and exhibits to those depositions, counsel for the party designating the testimony or exhibits as confidential shall make a statement on the record to designate the portions of the record (including exhibits) containing Confidential Information. If such a designation is made, the original and each copy of the deposition transcript (including exhibits) shall bear the legend "Confidential – Attorney's Eyes Only" on the cover page. In the alternative, if not designated on the record at the deposition, a

1  party shall have up to fifteen (15) days after receipt of a deposition transcript to
2  designate it "Confidential – Attorney's Eyes Only" on the cover page.  The parties
3  shall treat all deposition testimony as Confidential Information hereunder until the
4  expiration of fifteen (15) days after the mailing to counsel of the transcript of the
5  deposition.  Unless so designated, any confidentiality is waived after the expiration
6  of the fifteen (15) day period unless designated in writing as set forth above or
7  otherwise stipulated or ordered.
8      4.    All information or material designated as "Confidential – Attorney's
9  Eyes Only" shall be used solely for the purpose of conducting this litigation and not
10 any other litigation and not for any business or other purpose.
11     5.    For purposes of conducting this litigation, documents marked
12 "Confidential – Attorney's Eyes Only," or any summary or abstract thereof, may be
13 disclosed, directly or indirectly, only to the following persons:
14     (A)    The United States District Court, Central District of California
15 and all other clerks and other personnel in the United States District Court, Central
16 District of California, before which this action is pending;
17     (B)    The attorneys of record for the parties in this matter;
18     (C)    The office personnel employed by the counsel of record working
19 under the direct supervision of said counsel;
20     (D)    Experts or other persons necessarily retained by counsel to assist
21 in the preparation of this litigation for trial, provided that said experts and
22 consultants comply with this agreement in full.  Such experts, consultants, or other
23 persons shall not include employees or officials of the Orange Police Department or
24 the Orange County District Attorney's Office.
25     6.    All persons listed or described in Paragraph 4(C) and (D) above may be
26 given access to information or material designated as "Confidential – Attorney's
27 Eyes Only" provided that they first confirm their understanding and agreement to
28 abide by the terms of this Protective Order by completing and signing a copy of an

undertaking in the form attached hereto as Exhibit "A." All information or material designated as "Confidential – Attorney's Eyes Only" shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in Paragraph 4.

7. All counsel for the parties who have access to information or material designated as "Confidential – Attorney's Eyes Only" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

8. If any party deems it necessary to disclose Confidential Information to persons other than those designated above, such party must obtain written permission from the designating party prior to any disclosure of Confidential Information. If a request for such permission is denied by the designating party, then the party seeking disclosure may apply to the Court for permission to do so.

9. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Confidential – For Attorney's Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) and if appropriate the application itself under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

10. In the event any party applies to this Court to file papers, or any portion thereof, under seal or to present evidence in a proceeding in a manner that protects its confidential nature, all parties agree that there will be no opposition to any such application, provided that the information seeking protection constitutes Confidential Information.

11. Other than the Court (including its clerks, reporters and staff) and counsel, who have appeared of record in this case, including partners, associates,

and employees of such counsel, each person to whom any Confidential Information is disclosed pursuant to this Stipulation and Order shall be advised that such information is being disclosed pursuant to and subject to the terms of this Order of the Court.

12. The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation, any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential – Attorney's Eyes Only" hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party, or shall certify destruction thereof. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

13. The parties' Stipulation and this Order may only be modified by written agreement of the parties, subject to the approval of the Court, or by the Court upon good cause shown.

**IT IS SO ORDERED.**

DATED: July 12, 2010

By: _____
HONORABLE ROBERT N. BLOCK
UNITED STATES MAGISTRATE