**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL VASQUEZ, et al., | Case No: SACV09-1090 VBF(RNBx) |
| Plaintiff-Petitioners, | The Honorable Valerie B. Fairbank |
| vs. | **[PROPOSED] FINDINGS OF FACT SUPPORTING RULING RE: PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** |
| TONY RACKAUCKAS, et al., | |
| Defendant-Respondents. | |

///

///

///

# [PROPOSED] FINDINGS OF FACT IN SUPPORT OF THE COURT'S RULING RE PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

1. Plaintiffs are prevailing parties under federal law and are entitled to fees and costs under 42 U.S.C. Section 1988. Following trial, this Court entered an enforceable judgment in Plaintiffs' favor on their Section 1983 claim and obtained substantially all the relief they sought, as the Court issued a declaratory judgment that Defendants violated Plaintiffs' due process rights and enjoined Defendants from enforcing the Order for Permanent Injunction against "Orange Varrio Cypress Criminal Street Gang," dated May 14, 2009, in *People v. Orange County Varrio Cypress Criminal Street Gang, et. al.,* Orange County Superior Court, 30-2009 00118739, against Plaintiffs. *See Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (plaintiff qualifies as "prevailing party" where they "obtain an enforceable judgment against the defendant from whom fees are sought"); *see also Barrios v. California Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002).

2. Plaintiffs are also the prevailing parties under California law and are entitled to attorneys' fees and costs pursuant to California Code of Civil Procedure Section 1021.5. Under C.C.P. § 1021.5, courts apply a multi-prong test to assess whether a party should be awarded fees. A party will be deemed "prevailing" if the action resulted "in the enforcement of an important right affecting the public interest," by showing that, as a result of the action, "(a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement . . . , are such as to make the award appropriate, and (c) fees should not in the interest of justice be paid out of the recovery, if any." *Adoption of Joshua S.*, 42 Cal. 4th 945, 952, n.2 (2008) (quoting C.C.P. § 1021.5). Here, as set forth above, Plaintiffs obtained substantially the relief they sought in the form of a permanent injunction against Defendants. Also, the action enforced the right to

procedural due process, among the most central protections against arbitrary government restriction of liberties; the litigation conferred a significant benefit on the public as a whole by protecting the right to due process; and given that Plaintiffs neither sought nor will receive monetary damages in this case, Plaintiffs have no financial interest in the relief they have achieved.

3. The Court finds that the ACLU/SC and MTO have demonstrated that the fees and costs they sought were reasonable and necessary to their successful litigation of this matter. To support the lodestar, Plaintiffs submitted the declarations of attorneys Peter Bibring, Joseph Ybarra, Carol Sobel, Peter Afrasiabi, Anne Richardson, James Gilliam, and Douglas E. Mirell. These declarations and exhibits providing awards in other cases in the Central District legal market establish that the rates sought and approved are within the range of reasonable market rates for attorneys of comparable skill, experience and reputation. Moreover, the Court notes that Defendants did not submit any admissible evidence to contradict the reasonableness of the rates sought for the lawyers and paralegals.

4. The declarations and briefs submitted by Plaintiffs explained in detail the various tasks counsel performed over the course of this litigation as well as the various ways Plaintiffs' counsel exercised billing judgment. Overall, Plaintiffs reduced their total lodestar by approximately 18% to arrive at the amount of fees they sought in their motion. In addition, detailed contemporaneous time records were attached to the declarations of Peter Bibring and Joseph Ybarra as exhibits.

5. This Court has considered and rejected Defendants' arguments as to the reasonableness of Plaintiffs' fees, for the reasons set forth in Plaintiffs' briefs. This was a complicated case raising novel issues that was litigated vigorously by Defendants through discovery and trial. Plaintiffs' success was not limited: they prevailed entirely on two claims and in all meaningful respects obtained the full relief they sought for themselves and the Plaintiff class. Further, the habeas

corpus claim, on which Plaintiffs did not prevail on jurisdictional grounds, raised the identical due process issue on the merits as the claims on which they did prevail and obtained full relief. To the extent that Defendants have raised objections that Plaintiffs' request reflects duplicative time and unnecessary or unreasonable labor expended, their objections are unfounded or adequately addressed by Plaintiffs' own cuts to the fees they seek. This Court has reviewed the billing records and found that, with the exception of intern time, the hours spent by Plaintiffs' attorneys and paralegals for which they seek compensation are reasonable given the duration, complexity and difficulty of the case; the vigor with which Defendants litigated; and the extent of the relief obtained.

6. However, the Court also finds that Plaintiffs did not sufficiently justify the reasonableness of the time spent by law student interns on this matter, and thus is denying fees for time spent by law student interns.

7. Based on review of the evidence Plaintiffs submitted, the billing judgment Plaintiffs' counsel exercised, and the Court's detailed knowledge of all proceedings in this matter, the following rates and time are found reasonable:

   a. **ACLU Attorney Fees Through Judgment - May 10, 2011**

| Name | Year Graduated | Rate | Hours | Amount |
| --- | --- | --- | --- | --- |
| Hector O. Villagra | 1994 | $600 | 560.0 | $336,000.00 |
| Belinda Escobosa Helzer | 2000 | $525 | 1526.1 | $801,202.50 |
| Peter Bibring | 2002 | $490 | 894.6 | $438.354.00 |
| Linda Dominic Ashe | Paralegal | $200 | 431.7 | $86,338.50 |
| Christian Lebano | Paralegal | $200 | 78.4 | $15,680.00 |
| **TOTAL** | | | **3,490.8** | **$1,677,575.00** |

///

**b.  ACLU Attorneys' Fees Post Judgment**

| Name | Year Graduated | Rate | Hours | Amount |
|---|---|---|---|---|
| Belinda Escobosa Helzer | 2000 | $525 | 28.3 | $14,857.50 |
| Peter Bibring | 2002 | $490 | 90.10 | $41,100.50 |
| Christian Lebano | Paralegal | $200 | 30.50 | $6,100.00 |
| Maria Esquivel | Paralegal | $165 | 12.90 | $2,128.50 |
| **TOTAL** | | | **161.8** | **$64,186.50** |

**c.  MTO's Attorneys' Fees Through Judgment - May 10, 2011**

| Name | Year Graduated | Rate | Hours | Amount |
|---|---|---|---|---|
| Joseph J. Ybarra | 2001 | $550 | 240.0 | $132,000.00 |
| Jacob A. Kreilkamp | 2003 | $505 | 709.9 | $358,499.50 |
| Laura D. Smolowe | 2006 | $460 | 240.0 | $110,400.00 |
| Marina A. Torres | 2008 | $385 | 426.7 | $164,279.50 |
| Sarala V. Nagala | 2008 | $385 | 209.8 | $80,773.00 |
| Sonia Arteaga | Paralegal | $200 | 238.0 | $47,600.00 |
| Raphael Sepulveda | Paralegal | $210 | 154.3 | $32,403.00 |
| Patrick Justesen | ALS | $250 | 15.7 | $3,925.00 |
| **TOTAL** | | | **2,234.4** | **$929,880.00** |

**d.  MTO Attorneys' Fees Post Judgment**

| Name | Year Graduated | Rate | Hours | Amount |
|---|---|---|---|---|
| Joseph J. Ybarra | 2001 | $550 | 76.1 | $41,855.00 |
| Jacob A. Kreilkamp | 2003 | $505 | 1.6 | $808.00 |
| Laura D. Smolowe | 2006 | $460 | 0.9 | $414.00 |
| Sarala V. Nagala | 2008 | $385 | 2.7 | $1,039.50 |
| **TOTAL** | | | **81.3** | **$44,116.50** |

4. Under California law, the Plaintiffs are also entitled to a multiplier of attorneys' fees incurred before judgment, which was entered in this case on May 10, 2011. This case raised complex and novel issues, both in the jurisdictional questions regarding abstention and in the core constitutional question of what process is due individuals before they can be subjected to a gang injunction that precludes them from engaging in otherwise lawful activities. Given the novel and uneven state of the law in cases involving gang injunctions in state court, Plaintiffs' success was far from guaranteed at the outset, and their result was exceptional. Not only were Plaintiffs unable to advance any fees or cover any of the out-of-pocket expenses to support this lawsuit (which included expert witness fees and substantial trial expenses), but Defendants also mounted a tenacious defense requiring Plaintiffs' legal team to expend significant time litigating this case (both increasing the contingency risk and precluding plaintiffs' counsel from taking other work, another factor warranting enhancement of the fees). The enormous time required and the substantial risk that no fees would be recovered justify a contingency enhancement, "to bring the financial incentives" for taking such a case into line with work for fee-paying clients." *Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001). An additional justification for enhancement is that the important result and the complete relief obtained in part reflects a level of skill of Plaintiffs' counsel not captured by market rates, which are based primarily on

///
///
///
///
///
///
///
///

counsel's year of graduation.  Accordingly, the Court finds that a 1.2 multiplier is appropriate in this case.  Applying this multiplier to fees incurred before judgment, but not after judgment, the total fee award is $3,237,249.00

Date:  7-28-11                    *Valerie Baker Fairbank*
                                  _____
                                  The Honorable Valerie Baker Fairbank
                                  U.S. District Court, Central District of California


Respectfully submitted,

ACLU FOUNDATION OF SOUTHERN CALIFORNIA

s/Belinda Escobosa Helzer
Belinda Escobosa Helzer
Attorneys for Plaintiffs