BELINDA ESCOBOSA HELZER (SBN 214178)
bescobosahelzer@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
2140 W. Chapman Avenue, Suite 209
Orange, California 92868
Telephone: (714) 450-3962
Facsimile: (714) 450-3969

PETER BIBRING (SBN 223981)
pbibring@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

Attorneys for Plaintiffs-Petitioners

[Additional Counsel on Following Page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL VASQUEZ, et al.,<br>Plaintiffs,<br>v.<br>TONY RACKAUCKAS, et al.,<br>Defendants. | Case No. CV 09-1090 VBF (RNBx)<br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AMEND ATTORNEYS' FEES AWARD AGAINST DEFENDANT RACKAUCKAS ON REMAND**<br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br>**DECLARATIONS IN SUPPORT THEREOF** |

Hearing Date: August 11, 2014

Hearing Time: 1:30 p.m.

Honorable Valerie B. Fairbank

JACOB S. KREILKAMP (Bar No. 248210)
Jacob.Kreilkamp@mto.com
LAURA D. SMOLOWE (Bar No. 263012)
Laura.smolowe@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Plaintiffs-Petitioners

# TABLE OF CONTENTS

**NOTICE OF MOTION** ........................................................................1

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. INTRODUCTION ........................................................................2

II. Background........................................................................3

A. Rulings in the District Court ........................................................................3

B. Defendants' Appeal to the Ninth Circuit........................................................................5

III. ARGUMENT........................................................................6

A. The Ninth Circuit's Remand Limits the Scope of this Court's Review to Rackauckas's Responsibility for the Fees this Court Has Already Awarded........................................................................6

B. The Ninth Circuit's Opinion Does Not Implicate Rackauckas's Responsibility For Any Portion of the Fee Award Except the Multiplier Under State Law........................................................................9

C. Plaintiffs Are Entitled to Interest........................................................................10

D. Plaintiffs Are Entitled to Fees-on-Fees for this Application. ..................11

## TABLE OF AUTHORITIES

**CASES**

*Anderson v. Director, Office of Workers Comp. Progs.*,
91 F.3d 1322 (9th Cir. 1996)....................11

*Blum v. Stenson*,
465 U.S. 886 (1984)....................13

*Bouman v. Block*,
940 F.2d 1211 (9th Cir. 1991)....................13

*Citizens Against Rent Control v. City of Berkeley*,
181 Cal.App.3d 213 (1986)....................9

*Cowgill v. Raymark Industries, Inc.*,
832 F.2d 798 (3d Cir. 1987)....................8

*Cruz v. Alhambra Sch. Dist.*,
601 F. Supp. 2d 1183 (C.D. Cal. 2009)....................12

*Ketchum v. Moses*,
24 Cal. 4th 1122 (2001)....................10

*Davis v. City and County of San Francisco*,
976 F.2d 1536 (9th Cir. 1992)....................13

*Miller v. Am. Airlines, Inc.*,
632 F.3d 837 (3d Cir. 2011)....................9

*In re Portfolio Recovery Assocs., LLC*,
2014 U.S. Dist. LEXIS 8218 (S.D. Cal. Jan. 8, 2014)....................9

*Ischay v. Barnhart*,
383 F. Supp. 2d 1199 (C.D. Cal. 2005)....................8

*Jimenez v. Franklin*,
680 F.3d 1096 (9th Cir. 2012)....................8

*Jordan v. Multnomah County*,
815 F.2d 1258 (9th Cir. 1987)....................13

*Kerr v. Screen Extras Guild, Inc.*,
526 F.2d 67 (9th Cir. 1976)....................12

*Laffey v. Northwest Airlines, Inc.*,
740 F.2d 1071 (D.C. Cir. 1984)....................9

*Maria P. v. Riles*,
43 Cal.3d 1281 (1987)....................9

*Morales v. City of San Rafael*,
96 F.3d 359 (9th Cir. 1996)....................12

*Munoz v. County of Imperial*,
667 F.2d 811 (9th Cir.)....................8

*Pennhurst State School & Hosp. v. Halderman*,
465 U.S. 89 (1984)....................6

*Quesada v. Thomason*,
850 F.2d 537 (9th Cir. 1988)....................12

*Skretvedt v. E.I. Dupont de Nemours*,
372 F.3d 193 (3d Cir. 2004)....................9

*Torres-Rivera v. O'Neill-Cancel*,
524 F.3d 331 (1st Cir. 2008)....................11

*United States v. Cote*,
51 F.3d 178 (9th Cir. Or. 1995)....................8

*United States v. Thrasher*,
483 F.3d 977 (9th Cir. Or. 2007)....................7

*Vasquez v. Rackauckas*,
734 F.3d 1025 (9th Cir. 2013)....................*passim*

*Waggoner v. Dallaire*,
767 F.2d 589 (9th Cir. 1985)....................8

*Weyant v. Okst*,
198 F.3d 311 (2d Cir. 1999)....................11

*Yahoo!, Inc. v. Net Games, Inc.*,
329 F. Supp. 2d 1179 (N.D. Cal. 2004)....................12

**OTHER AUTHORITIES**

28 U.S.C. § 1961 ........ 11

42 U.S.C. § 1988 ........ 4, 10, 11

47 U.S.C. § 227 ........ 9

Fed. R. App. P. 36 ........ 7

Fed. R. Civ. P. 54 ........ 4, 5

Fed. R. Civ. P. 58(a)(3) ........ 7

First Amendment ........ 9

Cal. Civ. Code § 1021.5 ........ 4, 9, 10

## NOTICE OF MOTION

To all parties and their counsel of record, please take notice that a hearing is scheduled on August 11, 2014, at 1:30 p.m., before the Honorable Valerie B. Fairbank, in Courtroom 9 of the United States District Court, Central District of California, Western Division, located at 312 North Spring Street, Los Angeles, California, 90012. Plaintiffs will and hereby move for this Court to enter an amended fees order and judgment as to Defendant Rackauckas.

This motion is made on the basis of the Ninth Circuit's opinion and order in this case remanding holding affirming this Court's judgment in principal part and affirming the relief ordered in full; reversing judgment for Plaintiffs only on the state law claim against defendant Rackauckas on the ground that Defendant Rackauckas is a state actor whom federal courts cannot enjoin for violations of state law; and remanding for this court, based on the panel's limited partial reversal judgment on that state law claim, "to determine whether there is in fact some portion of the fee award for which Defendant Rackauckas is not responsible." *Vasquez v. Rackauckas*, 734 F.3d 1025, 1056 n.28 (9th Cir. 2013).

This motion is made following extensive discussion between counsel pursuant to Local Rule 7-3, which took place over an extended period, including but not limited to a telephone conversation between undersigned counsel and defense counsel Shelton Harrell on April 4, 2014, and an email exchanged on April 8, 2014.

This motion is based upon this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, declarations, all pleadings and other documents on file with this Court, and any other evidence or argument that may be presented before or at the time of the hearing.

Respectfully submitted,

Dated: July 14, 2014

s/ Peter Bibring
PETER BIBRING
Counsel for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case raised the novel question of the procedural requirements for enforcement of a so-called "gang injunction." Following an eleven-day bench trial, this Court held that Defendants violated Plaintiffs rights under the Due Process clauses of the United States and California constitutions by naming them as defendants in a state civil action seeking a gang injunction, dismissing this action when they sought to defend themselves in court, then serving Plaintiffs with the very injunction they had tried to contest in court on the argument that they were members of the gang against whom a default judgment had issued. On the basis of the Due Process violation, this Court enjoined Defendants from enforcing the anti-gang injunction against Plaintiffs. *See* Findings of Fact & Conclusions of Law After Court Trial, Dkt. No. 405 (filed May 10, 2011).

This case now comes to this Court on remand from the Ninth Circuit, which, in a 62- page opinion, affirmed this Court's holding in nearly every respect — including affirming this Court's decision that jurisdiction was proper, its holding that Defendants violated Plaintiffs' federal due process rights, and its issuance of declaratory and injunctive relief . The panel reversed this Court only on a single, narrow issue, holding that Defendant Rackauckas[1] was a state actor whom federal courts cannot enjoin for violations of state law. But the Ninth Circuit also recognized that tits holding had no effect on the relief to which Plaintiffs are entitled, which the court affirmed in full.

The Ninth Circuit remanded for a single, narrow purpose: because Rackauckas could not be enjoined on the basis of state law claims, the panel

[1] Although the parties have previously referred to Defendants as "OCDA" and "City of Orange" in papers before this Court, Plaintiffs will refer to Defendants as Rackauckas and Gustafson to maintain consistency with the Ninth Circuit's opinion.

observed "it is possible that there is some difference in the amount of the fee award (which included a state-law multiplier) that can be applied to him," and remanded to allow this Court "to determine whether there is in fact some portion of the fee award for which Defendant Rackauckas is not responsible." *Vasquez v. Rackauckas*, 734 F.3d 1025, 1056 n.28 (9th Cir. 2013).

Because the Ninth Circuit affirmed both liability and the attorneys' fees award against defendant Gustafson, and there is no issue of Gustafson's ability to pay the full amount, Plaintiffs have no direct interest in whether or not defendant Rackauckas is held responsible for the full amount of the state-law multiplier. Under these circumstances, Plaintiffs would not oppose a decision by this Court to enter an amended attorneys' fees order against Rackauckas reducing the attorneys' fees awarded against him by the amount of the multiplier.

Other than the multiplier, there is no aspect of the fee award for which Rackauckas can argue he should not be held responsible. By directing this Court to consider only "whether there is … some portion of the fee award for which Defendant Rackauckas is not responsible," the Ninth Circuit did not contemplate reconsideration of other issues, such as Plaintiffs' entitlement to fees, or the reasonableness of the rates or hours this Court awarded. Reconsideration of those additional issues is therefore barred by the "rule of mandate," which circumscribes this Court's role on remand to consideration of issues within the panel's mandate.

Moreover, because Rackauckas did not challenge Plaintiffs' entitlement to fees, the rates or reasonableness of this Court's fee award, or any aspect of the fee award other than whether "special circumstances" precluded fees entirely in the prior appeal, he has also waived the right from raising those issues on remand.

## II. Background

### A. Rulings in the District Court

Following the entry of judgment in their favor against both Defendants, Plaintiffs moved for fees and costs pursuant to 42 U.S.C. § 1988 and California

Civil Code § 1021.5, and sought to tax costs pursuant to Rule 54 of the Federal Rules of Civil Procedure. *See* Plaintiffs Motion for Attorneys' Fees, Dkt. Nos. 414 & 414-1 (filed May 23, 2011); Plaintiffs' Notice of Application to Tax Costs, Dkt. No. 422 (filed May 25, 2011).

In an Order dated July 1, 2011 and supplemental findings of fact issued July 29, 2011, this Court held that Plaintiffs were prevailing parties in this action on both their state and federal due process claims, and entitled to attorneys' fees under both 42 U.S.C. § 1988 and California Code of Civil Procedure § 1021.5, and held that no special circumstance in this case rendered the award of fees unjust. *See* Ruling on Submitted Matter: Plaintiffs' Motion for Attorneys' Fees ("Fees Ruling"), Dkt. No. 460, at ¶¶ 1, 2; Findings of Fact Supporting Ruling Re: Plaintiffs' Motion for Attorneys' Fees ("Fees Findings"), Dkt. No. 497, ¶¶ 1, 2. The Court found that lodestars in the amount of $1,741,761.50 for Plaintiffs' counsel ACLU Foundation of Southern California ("ACLU/SC") and $973,996.50 for Plaintiffs' counsel Munger Tolles and Olsen LLP ("MTO") were reasonable and necessary to their successful litigation of the matter. Fees Ruling ¶ 2; Fees Findings ¶¶ 3-7. The Court also held that under California law, Plaintiffs were entitled to a multiplier of 1.2 on their attorneys' fees incurred before judgment, based on (i) the novelty and difficulty of the questions involved, (ii) the skill displayed in presenting them, (iii) the extent to which the nature of the litigation precluded other employment by the attorneys, and (iv) the contingent nature of the fee award. Fees Ruling ¶ 5; Fees Findings at 6-7. Based on these findings, the Court awarded Plaintiffs attorneys' fees totaling $3,237,249.00. Fees Ruling ¶ 5; Fees Findings at 6-7. The Court further concluded that the costs of $24,412.24 sought by Plaintiffs' counsel pursuant to 42 U.S.C. § 1988 were reasonable, and awarded those costs to Plaintiffs. Fees Ruling at ¶ 7.

In the litigation of the attorneys' fees motions, Defendant Gustafson argued that the Court should apportion any award of attorneys' fees between the two

defendants on the principal ground that defendant Rackauckas and the Orange County District Attorney's office were primarily responsible for the constitutional violations. *See* Defendant Robert Gustafson Opposition to Plaintiffs' Attorneys' Fees Request, Dkt. No. 438 (filed June 6, 2011) at 2-7. The Court rejected this argument and instead held that the attorneys' fees and costs should be awarded against the Defendants jointly and severally, or pursuant to Defendants' stipulation. *See* Fees Ruling, Dkt. No. 460, at 2.

Plaintiffs also sought to tax costs pursuant to Rule 54 of the Federal Rules of Civil Procedure and Central District Local Rule 54-4.1 *et seq*. Following briefing on Plaintiffs' application to tax costs, the clerk of this Court issued a Bill of Costs taxing Defendants costs in the amount of $34,711.15. Bill of Costs, Dkt. No. 480 (filed July 13, 2011).

**B. Defendants' Appeal to the Ninth Circuit**

Defendants appealed this matter to the Ninth Circuit, which affirmed this Court's holding that Defendants had violated Plaintiffs rights under the Due Process clauses of both the United States and California constitutions. The Ninth Circuit upheld the injunction issued by this Court against further enforcement of the gang injunction.

On appeal, Defendants did not challenge this Court's ruling that Plaintiffs were prevailing parties entitled to fees, the reasonableness of the hours and rates awarded to Plaintiffs, or Plaintiffs' entitlement to a multiplier of fees under state law. Instead, Defendants' only challenge to this Court's ruling on fees was to argue that this Court had erred in not holding that special circumstances rendered an award of fees unjust. *See Vasquez v. Rackauckas*, 734 F.3d 1025, 1055 (9th Cir. 2013). The Ninth Circuit rejected that argument and affirmed this Court's conclusion that an award of fees was justified. *Id.* at 1055-56.

However, the Ninth Circuit held that Defendant Rackauckas was operating as a state official in undertaking the actions at issue in the litigation and is therefore

entitled to immunity on Plaintiffs' claim under state law pursuant to *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). *See Vasquez*, 734 F.3d at 1041. The panel therefore reversed the judgment against Rackauckas on Plaintiffs' due process claim under the California constitution. *Id.* The panel emphasized that this holding "[did] not impact [its] analysis of Plaintiffs' federal due process claim or the corresponding relief granted," and proceeded to uphold the injunction issued against Rackauckas by this Court as supported by the judgment on Plaintiffs' federal claim. *Id.* at 1041, 1053, 1054. However, the panel noted that its holding granting immunity to Rackauckas on the state law claim might affect the extent to which he bears full responsibility for the fee award:

> Because Defendant Rackauckas is not subject to equitable remedies for violations of state law in this case, see supra Section III, it is possible that there is some difference in the amount of the fee award (which included a state-law multiplier) that can be applied to him. We leave it to the district court in the first instance to determine whether there is in fact some portion of the fee award for which Defendant Rackauckas is not responsible.

*Id.* at 1056 n.28.

## III. ARGUMENT

### A. The Ninth Circuit's Remand Limits the Scope of this Court's Review to Rackauckas's Responsibility for the Fees this Court Has Already Awarded.

The Ninth Circuit's language on remand is clear: the only issue for this Court to decide is "whether there is … some portion of the fee award for which Defendant Rackauckas is not responsible."[2] *See id.* at 1056 n.28. The panel opinion further clarifies that this question arises because, under its holding, Rackauckas is no longer subject to an equitable remedy under Plaintiffs' state

---

[2] Rackauckas agrees. *See* Defendant OCDA's Statement of Issues on Remand, Dkt. No. 523 (filed Dec. 9, 2013) (identifying as the single issue on remand as, "Whether the Ninth Circuit's reversal of Plaintiffs' state law claims against the Orange County District Attorney renders a portion of the attorneys' fees award improper as regards OCDA?").

claims, and holding Rackauckas responsible for the state-law multiplier therefore may not be justified. *Id.*

Plaintiffs do not dispute that Rackauckas should not be held responsible for the state-law multiplier and would not oppose the Court entering an amended order against Rackauckas reducing the attorneys' fees awarded against him by the amount of the multiplier.

That is all the Court should do, regardless of what other issues Defendants may ask the Court to consider. The Ninth Circuit's language leaves no room for this Court to revisit any other issue — such as Plaintiffs' entitlement to fees, the amount of fees this Court has already held to be reasonable, including Plaintiffs' entitlement to a multiplier and the amount of the multiplier awarded against Gustafson. Indeed, this Court has no power amend the judgment against Gustafson, as the Ninth Circuit affirmed the judgment and fee award against Gustafson in all respects.[3]

Two related principles limit this Court's consideration to the narrow issue of the extent of Rackauckas's responsibility for the fees already awarded: First, the "rule of mandate" confines this Court's role to executing the mandate of the Ninth Circuit. The doctrine of the "rule of mandate" is "similar to, but broader than, the law of the case doctrine." *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. Or. 2007) (citations omitted). Under the "rule of mandate,"

> [a] district court, upon receiving the mandate of an appellate court 'cannot vary it or examine it for any other purpose than execution.' Thus, . . . a

---

[3] Nor does this Court need to enter an amended judgment against Rackauckas. The Ninth Circuit's opinion reversing the judgment against Rackauckas on Plaintiffs second relief itself constitutes a judgment. Fed. R. App. P. 36; *see Vasquez*, 734 F.3d at 1041 ("We accordingly reverse the district court's judgment against Rackauckas on Plaintiffs' second claim for relief."). The panel remanded not for entry of judgment, but solely for determination of attorneys' fees, which may be set forth in an order separate from the judgment. Fed. R. Civ. P. 58(a)(3).

> district court could not revisit its already final determinations unless the mandate allowed it.

*United States v. Cote*, 51 F.3d 178, 181 (9th Cir. Or. 1995) (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895) (noting that lower court may not, on remand "intermeddle with [the decree of the higher court], further than to settle so much as has been remanded")); *see also Waggoner v. Dallaire*, 767 F.2d 589, 593 (9th Cir. 1985) (holding that where court of appeal had issued ruling based defendant's stipulation before trial court, trial court erred by allowing defendant to withdraw stipulation on remand and "should only have considered matters left open by the mandate of this court") (quotations omitted). "The rule of mandate requires that, on remand, the lower court's actions must be consistent with both the letter and the spirit of the higher court's decision." *Ischay v. Barnhart*, 383 F. Supp. 2d 1199, 1214 (C.D. Cal. 2005) (emphasis in original; citing Quern v. Jordan, 440 U.S. 332, 347 n.18 (1979)).

Second, because Defendants only argued on appeal that "special circumstances" existed that precluded an award entirely and raised no other challenges to this Court's fee award, they are barred by principles of waiver from raising those issues on remand. Courts have consistently held that a party waives a "contention that could have been but was not raised on a prior appeal."[4] *Munoz v. County of Imperial*, 667 F.2d 811, 817 (9th Cir.), *cert. denied*, 459 U.S. 825 (1982); *accord Jimenez v. Franklin*, 680 F.3d 1096 (9th Cir. 2012); *accord*,

---

[4] This waiver rule is perhaps better framed as a rule of estoppel than as an application of the rule of mandate. However, as the Third Circuit has observed, "When the estoppel is operative in proceedings in the same case on remand, courts frequently speak in terms of the law of the mandate or the law of the case rather than collateral estoppel but the underlying principle is the same." *Cowgill v. Raymark Industries, Inc.*, 832 F.2d 798, 802 (3d Cir. 1987); *see also id.* ("When a court of appeals reverses a judgment and remands for further consideration of a particular issue, leaving other determinations of the trial court intact, the unreversed determinations of the trial court normally continue to work an estoppel." (citing 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice ¶ 30.416[2], p. 517 (3d ed. 1984))).

*Skretvedt v. E.I. Dupont de Nemours*, 372 F.3d 193, 203 (3d Cir. 2004) ("We have consistently rejected such attempts to litigate on remand issues that were not raised in a party's prior appeal and that were not explicitly or implicitly remanded for further proceedings."), *abrogated in part on other grounds as stated in Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 847 (3d Cir. 2011); *Laffey v. Northwest Airlines, Inc.*, 740 F.2d 1071, 1089 (D.C. Cir. 1984) (citing *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981) (Friendly, *J.*), *cert. denied*, 459 U.S. 828 (1982)), *overruled in part on other grounds in Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516 (1988). Defendant cannot now ask this Court to revisit its prior determinations on Plaintiffs' entitlement to fees, the reasonableness of rates or hours, plaintiffs' entitlement to a multiplier under state law, the amount of the multiplier, or other issues related to fees that they failed to raise on appeal.

### B. The Ninth Circuit's Opinion Does Not Implicate Rackauckas's Responsibility For Any Portion of the Fee Award Except the Multiplier Under State Law.

For purposes of this case, Plaintiffs would not oppose a decision to amend the fee order against Rackauckas to decrease the award of attorneys' fees by the amount of the state law multiplier. Plaintiffs believe that Rackauckas in fact *may* be responsible for the state-law multiplier even though Plaintiffs only obtained relief against Rackauckas on the basis of federal claims.[5] However, those

---

[5] California courts have routinely awarded attorneys' fees under section 1021.5 for the vindication of rights arising under federal law. *Maria P. v. Riles*, 43 Cal.3d 1281, 1293 (1987) (attorneys' fees awarded under Section 1021.5 based on violation of the Family Educational Rights and Privacy Act of 1974); *Citizens Against Rent Control v. City of Berkeley*, 181 Cal.App.3d 213, 228-29 (1986) (attorneys' fees under Section 1021.5 awarded based on vindication of First Amendment rights). And some federal courts have also allowed plaintiffs to pursue fees under state law for alleged violations of federal law. *See* In *re Portfolio Recovery Assocs., LLC*, 2014 U.S. Dist. LEXIS 8218, 16-19 (S.D. Cal. Jan. 8, 2014) (allowing plaintiffs to seek fees under § 1021.5 for action under the Telephone Consumer Protection Act, 47 U.S.C. § 227). Because Plaintiffs brought non-frivolous state claims against defendants, and indeed prevailed against one defendant on the state law claims, they may be entitled to fees under Cal. Code of Civil Procedure § 1021.5 — including their multiplier —for their success on both state *and* federal claims. Moreover, none of the factors considered in assessing entitlement to the multiplier would require a different result when considering

arguments would best be raised by defendant Gustafson, as the party with direct interest in defendant Rackauckas sharing liability for those fees.

With respect to all other fees and costs already awarded by this Court other than the state-law multiplier, Rackauckas should remain fully responsible and jointly and severally liable with Gustafson.

The Ninth Circuit made clear that the only ground for this Court to reconsider "whether there is in fact some portion of the fee award for which Defendant Rackauckas is not responsible" was the fact that its reversal of this Court's judgment against Rackauckas on Plaintiffs' state law due process claim, and the fact that the fee award "included a state-law multiplier." *Vasquez*, 734 F.3d at 1056 n.28.

Indeed, the only portion of the attorneys' fees and costs awarded by this Court that is attributable solely to Plaintiffs' state claims was the 1.2 multiplier. All other awards of Plaintiffs' fees and costs were sought and awarded under both federal and state law, and are therefore beyond the scope of remand.[6]

**C. Plaintiffs Are Entitled to Interest.**

Plaintiffs are entitled to interest on the attorneys' fees previously awarded.[7] That interest, as of the August 11, 2014 hearing date on this motion, will amount to

---

Plaintiffs' federal claims rather than their state law claims. *See* Fees Ruling at ¶ 5 (considering (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award); *accord Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001).

[6] This Court held that Plaintiffs were prevailing parties entitled to fees and costs under both federal and state law (42 U.S.C. § 1988 and California Code of Civil Procedure § 1021.5, respectively). July 1, 2011 Order, Dkt. No. 460, at 1. Plaintiffs argued their entitlement to reasonable hours and rates, and to the reasonable costs incurred, in parallel under both federal and state law, so that their entitlement did not depend on Plaintiffs' state law claims. *See* Plfs. Mot. for Attorneys' Fees and Costs, Dkt. No. 414 (filed May 23, 2011), at 4-16. The costs this Court awarded of $24,412.24 pursuant to 42 U.S.C. § 1988 and the additional costs taxed pursuant to Rule 54 of the Federal Rules of Civil Procedure and Central District Local Rule 54-4.1 *et seq.* in the amount of $34,711.15, are based purely on federal law and Plaintiffs' success on their federal claim.

[7] "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as

$19,547, plus an additional $17.1592 per day for each day after August 11 until the fees are paid, based on the full amount this Court previously awarded against both Defendants and on which defendant Gustafson remains liable. If this Court finds defendant Rackauckas is not responsible for the state court multiplier, defendant Rackauckas is responsible for interest in the amount $16,454.34 as of August 11, 2014, plus $14.4446 per day for each day after August 11 until the fees are paid.

**D. Plaintiffs Are Entitled to Fees-on-Fees for this Application.**

Plaintiffs are generally entitled to recover fees and costs incurred litigating post-judgment motions. *See Anderson v. Director, Office of Workers Comp. Progs.*, 91 F.3d 1322, 1325 (9th Cir. 1996); *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 340 (1st Cir. 2008) ("Prevailing parties in civil rights cases also may recover reasonable attorneys' fees incurred in successfully litigating a variety of post-judgment motions."); *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) (awarding fees for fee application and defending judgment against post-judgment motions). That entitlement includes fees for a prevailing plaintiff's litigation of

---

published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961.

On July 1, 2011, this Court entered an order awarding Plaintiffs attorneys' fees totaling $3,237,249.00 and costs pursuant to 42 U.S.C. § 1988 of $24,412.24. Order of July 1, 2011 (Dkt. No. 460). The 1-year constant maturity Treasury yield for the calendar week ending July 1, 2011 was 0.19 %. *See* http://www.federalreserve.gov/releases/h15/20110705/ At that rate, interest on the fees and costs awarded in that order, compounded annually, amounts to $16.97851 per day since July 1, 2011. As of the August 11, 2014 hearing date on this motion (1137 days after the fee award), that interest, compounded annually, will amount to $19,304.57. (If this Court finds defendant Rackauckas is not responsible for the state-law multiplier, the attorneys' fees award for which Rackauckas is responsible will total $2,715,758.00. Interest on that award and costs will total $14.2639 per day, totaling $16,218.05 as of August 11, 2014.)

In a Bill of Costs issued July 13, 2011 (Dkt. No. 480), the clerk of this Court taxed costs under Rule 54 of the Federal Rules of Civil Procedure and Central District Local Rule 54-4.1 *et seq*. in the amount of $34,711.15. The 1-year constant maturity Treasury yield for the calendar week ending July 8, 2011 was 0.19 %. *See* http://www.federalreserve.gov/releases/h15/20110718/ At that rate, interest on the fees and costs awarded in that order, compounded annually, amounts to $0.1807 per day since July 13, 2011. As of the August 11, 2014 hearing date on this motion (1137 days after the fee award), that interest will amount to $203.68.

fee issues on remand. *Cruz v. Alhambra Sch. Dist.*, 601 F. Supp. 2d 1183, 1199 (C.D. Cal. 2009) (awarding fees for litigation of attorneys' fees on remand, and noting there was "no dispute that a prevailing plaintiff may recover fees for work done in litigating attorneys' fees").

The customary method of determining fees is the lodestar method. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The "lodestar" figure is the result of multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Id*. After determining the lodestar, the district court assesses whether it is necessary to adjust it on the basis of certain factors that bear on the reasonableness of the fee. *Id*. There is a strong presumption, however, that the lodestar represents a reasonable fee.[8] *Id*. & n.8; *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988) ("The Supreme Court has repeatedly emphasized that the lodestar fee should be presumed reasonable unless some exceptional circumstance justifies deviation.") (citations omitted).

As set forth in the accompanying declarations, Plaintiffs' counsel reasonably expended a total of 17.3 hours through July 11, 2014 in researching the issues on remand and preparing this motion. *See* attached Declaration of Peter Bibring (Bibring Dec.) ¶¶ 12, 16 & Exh. C (claiming 15.5 hours spent by attorneys at the ACLU); Declaration of Laura Smolowe (Smolowe Dec.) ¶ 8 (claiming 1.8 hours). This reflects a reduction in time through the exercise of billing discretion of 1.5 hours for the ACLU and 0.9 for MTO. *See* Bibring Dec. ¶ 12 & Exh. C; Smolowe Dec. ¶ 8. This exercise of billing discretion reflects a reduction of approximately 14% in the compensable hours sought and a reduction in fees of $1,536, which also

---

[8] Courts have recognized that the inquiry into attorneys fees under the factors established in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1976), have largely been subsumed into the lodestar calculation. *See Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1182 (N.D. Cal. 2004) ("In sifting through the remains of the Kerr factors, courts have determined that at least five of the Kerr factors have been deemed subsumed in the initial lodestar calculation.").

represents a reduction of $1,536 (or approximately 14%) in the total fees requested.

In determining reasonable hourly rates, the appropriate rates "are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (footnote omitted). The requested market rates should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895-96 n.11. Declarations by Plaintiffs' counsel and their peers about current billing rates have been found fully sufficient to establish prevailing market rates. *Bouman v. Block*, 940 F.2d 1211, 1235 (9th Cir. 1991), *quoted with approval in Davis v. City and County of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993) (same). Such documented and supported market rates cannot be arbitrarily reduced. *Jordan v. Multnomah County*, 815 F.2d 1258, 1263-64 (9th Cir. 1987). Here, Plaintiffs the rates Plaintiffs below seek are fully in line with the market rates prevailing in Southern California for legal services by legal personnel of reasonably comparable skill, experience, and reputation, as shown by the accompanying declarations. *See* attached Declaration of Carol Sobel ¶¶ 11-30 & exhibits; Bibring Dec. ¶¶ 2-10 & 13-15; and Smolowe Dec. ¶¶ 3-7. Indeed, the fees Ms. Smolowe seeks are the market rates actually charged for her time to paying clients. Smolowe Dec. ¶ 6.

///

///

///

///

///

///

///

Accordingly, Plaintiffs request that this Court award Plaintiffs' fees incurred in researching and preparing this motion in the amount of $11,117 through July 11, 2014. Plaintiffs will submit documentation of additional time expended in the final preparation of this motion, on reply and in argument in subsequent filings.

Respectfully submitted,

ACLU OF SOUTHERN CALIFORNIA

Dated: July 14, 2014

s/ Peter Bibring
PETER BIBRING
Counsel for Plaintiffs