BELINDA ESCOBOSA HELZER (SBN 214178)
bescobosahelzer@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
2140 W. Chapman Avenue, Suite 209
Orange, California 92868
Telephone: (714) 450-3962
Facsimile: (714) 450-3969

PETER BIBRING (SBN 223981)
pbibring@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

Attorneys for Plaintiffs-Petitioners

[Additional Counsel on Following Page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL VASQUEZ, et al.,<br>Plaintiffs,<br>v.<br>TONY RACKAUCKAS, et al.,<br>Defendants. | Case No. CV 09-1090 VBF (RNBx)<br>**DECLARATION OF PETER BIBRING IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND ATTORNEYS' FEES AWARD AGAINST DEFENDANT RACKAUCKAS ON REMAND**<br>Honorable Valerie B. Fairbank |

JACOB S. KREILKAMP (Bar No. 248210)
Jacob.Kreilkamp@mto.com
LAURA D. SMOLOWE (Bar No. 263012)
Laura.smolowe@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Plaintiffs-Petitioners

**DECLARATION OF PETER BIBRING**

I, Peter Bibring, hereby declare:

1. I make this declaration based on my own personal knowledge and if called to testify regarding the facts below, I could and would do so competently.

2. I currently work for the American Civil Liberties Union Foundation of Southern California ("ACLU/SC"). I joined the ACLU/SC as a staff attorney in 2006, and was made a senior staff attorney in 2011 and Director of Police Practices in 2014. Throughout the course of this litigation, I have been employed by the ACLU/SC, have been the one of the attorneys representing Plaintiffs/Appellees Manuel Vasquez, Miguel Lara, Randy Bastida and Gabriel Bastida, and have been one of the primary attorneys responsible for and involved in this litigation.

3. I graduated *magna cum laude* from New York University School of Law in 2002. Following law school, I served as a judicial law clerk for the Hon. Marilyn Hall Patel, then Chief Judge of the United States District Court for the Northern District of California, and also for the Hon. Pierre N. Leval on the United States Court of Appeals for the Second Circuit. A true and correct copy of my resume is attached as Exhibit A.

4. Following my clerkships, I worked as an associate in private practice for a law firm that specialized in civil rights and plaintiff-side employment cases. While at that firm, I engaged in complex class-action litigation, including *Wang v. Chinese Daily News, Inc.*, No. CV 04-1498 (C.D. Cal.) & Nos. 04-80094, 05-80010 (9th Cir.) (class action on behalf of more than two hundred newspaper workers for violations of the Fair Labor Standards Act and California Labor Code; plaintiffs prevailed at summary judgment and damages and attorneys' fees at trial totaling more than $5 million); *Bonilla v. Starwood Hotels & Resorts Worldwide, Inc.*, No. BC 421541 (L.A. Super. Ct.), No. CV 04-9025 CBM (C.D. Cal.) (class action on behalf of hotel workers denied meal and rest breaks; settled for more

than $3 million); as well as novel litigation on behalf of domestic workers held in involuntary servitude, including *Mintarsih v. Lam*, No. BC319275 (L.A. Super. Ct.) (case asserting employment law violations and constitutional involuntary servitude claims on behalf of a Indonesian domestic worker trafficked into the United States and forced to work for nearly no pay for seven years).

5. I have worked as a staff attorney at the ACLU of Southern California since 2006. During that time, I have continued to work on complex and novel litigation, including: *Fazaga v. Federal Bureau of Investigation*, No. SA CV 11-00301 (C.D. Cal.) & Nos. 12-56867, 12-56874, and 13-55017 (9th Cir.) (lead counsel) (class action challenge to FBI's use of undercover informants to collect information in mosques without suspicion of criminal activity); *Nee v. County of Los Angeles*, No. CV 11-8899 (C.D. Cal.) (lead counsel) (challenging sheriff department's repeated harassment and detention of photographers on the asserted ground that photography potentially indicated involvement with terrorism); *K.L. v City of Glendale*, No. CV 11-8484 (C.D. Cal.) (co-lead counsel) (class action challenge to gang sweep in high school by police that exclusively targeted Latino students as unlawful detention and equal protection violation; settlement required changes to policies and training of four municipal agencies and verification that no information collected in sweep was retained by police); *Gordon v. City of Moreno Valley*, No. ED CV 09-688 (C.D. Cal.) (lead counsel) (representing African-American barbers in a challenge to raids by police, state and city officials; settlement required changes to policy and training); *United States v. Los Angeles*, No. CV 00-11769 (C.D. Cal.) (representing community interveners in United States Department of Justice case resulting in far-reaching consent decree over Los Angeles Police Department); *Trujillo v. City of Ontario*, No. ED CV 04-1015 (C.D. Cal.) and No. 06-55736 (9th Cir.) (class action on behalf of police officers subjected to covert video surveillance in their station locker room settled on the first day of trial for more than $2 million); *Fitzgerald v. City of Los Angeles*, No.

03-01876 (C.D. Cal) (class action challenge to Los Angeles Police Department detention and search practices in the Skid Row area of Los Angeles, entered settlement requiring changes in LAPD training on search and detention); *Palmer/Sixth Street Properties, L.P. v. City of Los Angeles*, No. B206102 (Cal. Ct. App.) (co-lead counsel) (representing interveners and *amici* in support of the City of Los Angeles in a challenge to the City's affordable housing law); and *People v. MTA*, No. BC440034 (L.A. Sup. Ct.) (filed June 21, 2010) (lead counsel) (defending artist in public nuisance and unfair competition claims brought by the City of Los Angeles based on alleged prior participation in graffiti crew, which sought to impose restrictive "gang injunction"-style restrictions and to impose penalties and seize proceeds from lawful sale of art).

6. In addition to my work at the ACLU/SC, I have since 2012 served as adjunct faculty at UCLA School of Law, where I have taught a clinical class in Civil Rights Litigation. As part of my duties, I provide classroom instruction on procedural and immunities issues with federal civil rights actions. I also provide instruction in legal skills including interviews, depositions, negotiations, and provide supervision and detailed feedback on simulated exercises to test those skills. I also closely supervise students in their work on an active civil rights case, as well as on non-litigation projects that involve research or advocacy in conjunction with a community-based organization.

7. In addition to me, the ACLU of Southern California is seeking compensation in this matter for time spent by attorney Peter Eliasberg. I am familiar with the work of Peter Eliasberg as I have worked closely with him since I joined the ACLU of Southern California in 2006.

8. Mr. Eliasberg graduated *magna cum laude* from Harvard Law School in 1994. In the two years following my graduation, he clerked for one year for a United States District Judge in the District of Columbia and for one year on the Ninth Circuit Court of Appeals for the Honorable Stephen Reinhardt. After

clerking, he worked as the Slaff Fellow at the American Civil Liberties Union Foundation of Southern California ("ACLU") for two years. He became a Staff Attorney at the ACLU in the fall of 1998 and continued to work in this position until 2002, when he became the Managing Attorney. He was appointed Legal Director of the ACLU in 2012.

9. Mr. Eliasberg has briefed and argued eight times before the Ninth Circuit on civil rights matters, briefed and argued one civil rights matter before both the United States and California Supreme Courts, and made countless appearances in the United States District Court for the Central District of California.

10. In 2013, Mr. Eliasberg received California Lawyer's California Lawyer of the Year Award for his work on *Rosas v. Baca*, a federal injunctive class action on behalf of inmates in the Los Angeles County jails. A true and correct copy of Mr. Eliasberg's resume is attached as Exhibit 1.

11. It is the practice of the attorneys and other legal staff in this office to keep track of their time through the use of contemporaneous timekeeping records. Over the course of this litigation, all attorneys and other legal staff employed by our office utilized a computer billing program that maintains contemporaneous time records of work performed on cases. It is the policy and regular practice of the ACLU of Southern California for a legal assistant to print out a billing statement that lists, among other things, the hours worked on the matter, the billing rate for the person who worked those hours, and total "lodestar" for each person who billed, and a cumulative lodestar for the ACLU as a whole. Once this print-out is made, it is the practice of a senior lawyer on the case to review the entries and note those that are duplicative, or improperly assigned to the matter, and to delete entries or mark them "Do Not Bill" in an exercise of billing judgment. The senior lawyer who reviews the bills then directs a paralegal to delete those entries and print out a revised statement. A true and correct copy of the time records, up

to and including July 11, 2014, for the attorneys who worked on this appeal are attached to this declaration as Exhibit C. These records do not reflect the time spent preparing this motion between July 11 and its filing on July 14, which will be reflected in a supplemental declaration accompanying Plaintiffs' reply.

12. In my opinion, the time spent on this fee application was reasonable and necessarily incurred. In submitting the time, I eliminated specific charges to account for work performed on work that was duplicative in nature. For instance, I have not sought compensation for approximately $960 in time (those entries marked "No" in the "Bill" column), most of which time was spent assigning research to an intern or was clerical in nature or duplicative in reviewing other attorneys' edits. *See* Exhibit C. These discretionary decisions reflect a reduction of approximately 9.6% in the total fees sought for the ACLU. Additionally, we have not sought to recover time for legal interns, although I used interns to perform legal research that I would otherwise have had to do myself. We also did not seek to recover time spent mediating the issue of fees through the Ninth Circuit mediator, although that mediation would have resolved the issues addressed in this motion.

13. The ACLU/SC does not charge fees to its clients. Instead, the ACLU/SC seeks attorneys' fees as part of settlements or from the courts whenever it represents a prevailing party. As a result, the ACLU/SC frequently conducts informal surveys of law firms in Los Angeles and in Orange County to ascertain prevailing market rates, and it reviews more formal surveys of attorney billing rates.

14. Since 2011, the ACLU/SC has continued to conduct an annual survey of the prevailing rates of attorneys in Southern California to determine the rates they charge for individuals with different experience levels, and then to set our rates accordingly. The billing rates used here are commensurate with prevailing fees for attorneys of similar experience in Southern California.

15. I have further confirmed the justification for the rates we seek through my communications with Carol Sobel, an experienced civil rights attorney in the Southern California region, and through a review of the materials she has provided in support of her declaration. Ms. Sobel has conducted extensive analysis of the fees charged by and awarded to attorneys in the Southern California region in a variety of civil rights contexts, and our rates are very reasonable in light of her analysis.

16. The charts below reflects the fees incurred by attorneys and paralegals in this case, based on the number of hours reasonably expended in preparing this motion and the reasonable hourly rate:

**ACLU/SC Attorneys' Fees for Motion on Remand**
**(through July 11, 2014)**

| **Attorney** | **Graduation Year** | **Rate** | **Hours** | **Total** |
|---|---|---|---|---|
| Peter J. Eliasberg | 1994 | $730 | 0.5 | $365 |
| Peter Bibring | 2002 | $640 | 15.0 | $9,600 |

17. Based on the above, the total fees reasonably incurred by the ACLU/SC in and sought for this motion total : **$10,093**

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 14th day of July, 2014, at Los Angeles, California.

s/Peter Bibring
PETER BIBRING
Attorney for Plaintiffs/Appellees

Exhibit A

# PETER BIBRING

## EDUCATION

**NEW YORK UNIVERSITY SCHOOL OF LAW**, New York, New York
J.D. Degree, *magna cum laude*, May 2002
**Journal:** *NYU Review of Law & Social Change*, Editor-in-Chief
**Honors:** Order of the Coif
Florence Allen Scholar—top ten percent of class based on cumulative G.P.A. after three semesters
Dean's Scholarship Recipient—half tuition scholarship based on academic merit
Summer Seminar for Future Law Teachers
Equal Justice America 2000 Summer Fellowship
**Activities:** Prisoner's Rights Education Project, co-coordinator
Students Need to Advocate Responsible Lawyering, co-coordinator

**CALIFORNIA INSTITUTE OF TECHNOLOGY**, Pasadena, California
Coursework for Ph.D. in Physics, January 1998

**HARVARD UNIVERSITY**, Cambridge, Massachusetts
A.B. in Physics, *magna cum laude*, June 1996
Derek Bok Award for Excellence in Teaching, Introductory Physics
Mission Hill After-School Program, tutor

## WORK EXPERIENCE

**AMERICAN CIVIL LIBERTIES UNION OF SOUTHERN CALIFORNIA**, Los Angeles, California
**Director of Police Practices, Senior Staff Attorney** July 2006 – present
Advance civil rights and civil liberties working through litigation, policy advocacy, legislation, media, and community education, focusing on policing and criminal justice, privacy and technology, housing and homelessness, and the First Amendment. Identify, and design strategies to address, issues for advocacy in focus areas, in cooperation with local community and advocacy organizations. Act as lead or co-lead counsel on cases including challenges to FBI use of informants to target Muslims in Orange County mosques, the use and enforcement of gang injunctions, racial profiling by local police agencies, unlawful detention of protestors and photographers, and police sweeps in schools, as well as interventions to support municipal policies on inclusionary housing and limitations on car impoundment. Work with government officials and stakeholders (including community organizations, religious organizations, service providers, and residents) on legislation and policy changes related to civilian oversight of police; analysis and reporting of and advocacy on counterterrorism operations by local police departments; stop-and-frisk and racial profiling issues; the use of public surveillance measures including video surveillance, drones, location tracking, and online privacy; free speech and open government, and advocacy around homelessness, housing and services, focusing on chronically homeless individuals with mental illness, through strategy development, advocacy and technical assistance with legal interpretation, drafting legislation, messaging, and community education. Conduct interviews for print media, radio, and television, and give presentations to community members and officials. Draft blog posts, op-eds, social media updates and talking points. Supervise junior attorneys, fellows, paralegals and interns.

**UNIVERSITY OF CALIFORNIA, LOS ANGELES, SCHOOL OF LAW**, Los Angeles, California
**Adjunct Faculty** January 2011 – present
Teach Civil Rights Litigation Clinic, alone and with Prof. Joanna Schwartz. With Prof. Schwartz, designed and revised curriculum for new clinic focusing on all aspects of advancing civil rights and social change through both litigation and non-litigation advocacy. Teach or co-teach classroom and simulation component focusing on legal doctrines arising in civil rights litigation (including pleading standards, immunities, and relief), narrative advocacy, the attorney's role in civil rights advocacy, and litigation skills including client interviews, depositions, oral argument and negotiation. Supervise clinic fieldwork including work on civil rights cases, and pre-litigation investigation and non-litigation advocacy on civil rights issues including police practices, immigration, educational equity, and First Amendment.

**THE HONORABLE PIERRE N. LEVAL, SECOND CIRCUIT COURT OF APPEALS**, New York, New York
**Law Clerk** September 2003 – August 2004

**CHIEF JUDGE MARILYN HALL PATEL, NORTHERN DISTRICT OF CALIFORNIA**, San Francisco, California
**Law Clerk** September 2002 – August 2003

**NYU SCHOOL OF LAW IMMIGRANT RIGHTS CLINIC**, New York, New York
**Student Advocate** August 2001 – May 2002
Developed legal and factual theories and filed petition for writ of habeas corpus in federal district court on behalf of immigrant client deported for felony convictions; briefed and argued government's motion to dismiss. Analyzed legal issues and assisted with outreach and eduction in the creation of a day laborer hiring hall in Hempstead, NY.

**AMERICAN CIVIL LIBERTIES UNION OF SOUTHERN CALIFORNIA**, Los Angeles, California
**Legal Intern** June 2001 – August 2001
Performed legal research and prepared memoranda on topics such as attorneys' fees, class certification, and state constitutional protections against gender discrimination in youth sports program. Conducted background research and evaluation of potential cases and interviewed potential class members.

**PROFESSOR ANTHONY AMSTERDAM, NEW YORK UNIVERSITY**, New York, New York
**Research Assistant** March 2001 – July 2001
Performed legal research for petition for certiorari and petitioner's brief to the U.S. Supreme Court in a capital habeas case raising issues of ineffective assistance of counsel due to conflict of interest, *Mickens v. Taylor*, 535 U.S. 162 (2002).

**PROFESSOR RICHARD STEWART, NEW YORK UNIVERSITY**, New York, New York
**Teaching Assistant** August 2000 – December 2000
Teaching Assistant for first-year Torts class. Composed practice questions and provided extensive feedback on student answers. Conducted weekly discussion sections of about twenty students.

**NEIGHBORHOOD DEFENDER SERVICE OF HARLEM**, New York, New York
**Civil Team Legal Intern** February 2000 – August 2000
Participated in all aspects of civil litigation arising out of clients' criminal cases, including abuse/neglect proceedings in family court, forfeiture actions in New York Supreme Court, and police misconduct actions in Federal court. Performed legal research, prepared memoranda, and drafted motions, pleadings, and discovery requests. Conducted interviews of clients and assisted in preparation of witnesses for trial. Assisted with court proceedings and settlement negotiations.

## SELECTED LECTURES, PRESENTATIONS, and HONORS

Panelist, *Civilian Oversight of Police Departments*, La Verne Law School Civil Rights Symposium, Feb. 7, 2013.

Panelist, *Critical Incident Management Training*, L.A. County Police Chiefs Ass'n, Los Angeles, California, Nov. 10, 2011.

Panelist, *PERF vs. The ACLU: The Great Debate* (Plenary Panel), Annual Meeting of the Police Executive Research Forum, Seattle, WA, Apr. 28, 2011.

Panelist, *Gang Injunctions*. Appellate Justices Institute, Center for Judicial Education and Research of the California Administrative Office of the Courts. San Diego, CA, Oct. 30, 2008.

Featured Presenter for *TASERs: A Dialogue on Policies and Deployment in Law Enforcement*. Institute for Law Enforcment Administration conference on Police Use of Force. Plano, TX, Sept. 30, 2008.

Presenter, Suspicious Activity Reporting Privacy and Civil Liberties Dialogue, Director of National Intelligence. Washington, D.C., Sept. 3, 2008.

Panelist, *Intervening on Behalf of Children and Families: Using Litigation to Force Developers to Comply with Affordable Housing Requirements*. National Legal Aid & Defender Conference. Tuscon, AZ, Nov. 7, 2007.

Commentator on issues related to policing and First Amendment in various media, including New York Times, Washington Post, Los Angeles Times, and USA Today.

SUPERLAWYERS RISING STAR, NAMED BY LAW & POLITICS MAGAZINE, 2006, 2007, 2008, AND 2009

Exhibit B

**Peter J. Eliasberg**
ACLU of Southern California
1313 West 8th Street
Los Angeles, California 90017
213-977-9500 ext 228
peliasberg@aclu-sc.org

## LEGAL EXPERIENCE

**2011-** Legal Director and and Manheim Family Attorney for First Amendment Rights for the ACLU of Southern California

**2004-2011** Managing Attorney and Manheim Family Attorney for First Amendment Rights for the ACLU of Southern California

**2002-2004** Managing Attorney for the ACLU of Southern California

**1996-2001** Staff Attorney for the ACLU of Southern California
George Slaff First Amendment Fellow

**1995-1996** Law Clerk for the Honorable Stephen Reinhardt
United States Court of Appeals for the Ninth Circuit

**1994-1995** Law Clerk for the Honorable Stanley Sporkin
United States District Court for the District of Columbia

**Summer 1994** Summer Associate, Cleary, Gottlieb, Steen & Hamilton
New York City

Summer Associate, Office of Policy Development, United States Department of Justice, Washington, D.C.

**Summer 1993** Summer Associate ACLU of Northern California
San Francisco

**Summer 1992** Summer Associate NAACP Legal Defense Fund
New York City

Case: 11-56240 04/23/2014 ID: 9070354 DktEntry: 63-6 Page: 3 of 6

**EDUCATION**

**1991-1994** Harvard Law School**,** Cambridge, Massachusetts
J.D., magna cum laude
Ames Moot Court Semi-Finalist
Research Assistant for Richard Fallon, Professor of Federal Courts and Constitutional Law

**1978-1982** Yale College, New Haven, Connecticut
B.A., *magna cum laude*
Honors In History

List of significant cases litigated available upon request

**SELECTED APPEARANCES IN CIVIL RIGHTS CASES IN FEDERAL AND STATE COURT**

**PRISONERS' RIGHTS**

Rosas v. Baca – co-lead counsel in putative class actions federal district court challenging pattern of deputy on inmate abuse in the Los Angeles County jails

Rutherford v. Baca **–** co-lead counsel overseeing monitoring of jails as a result of successful judgment in case challenging conditions of confinement in Los Angeles County jails.

**FIRST AMENDMENT SPEECH AND ASSOCIATION**

Porter v. Bowen – successfully represented plaintiffs in Ninth Circuit Court of Appeals making First Amendment challenge to California Secretary of State's attempt to prohibit so-called vote swapping web sites.

Alliance For Survival v. City of Los Angeles -- Case on behalf of non-profit peace and environmental organization challenging validity of city's anti-

solicitation ordinance. Argued for Plaintiffs in Ninth Circuit Court of Appeals and California Supreme Court on certification of state law question.

Valley Vote v. City of Los Angeles -- Represented and negotiated settlement for non-profit group barred from gathering petition signatures in public forum.

Burkow v. City of Los Angeles – Obtained preliminary injunctive relief forbidding defendant from enforcing ordinance banning "For Sale" signs on parked cars. Defendant subsequently agreed to cease enforcing the ordinance permanently in settlement agreement.

Lifestyles Inc. v. Stroh -- Successfully represented adult organization that had been barred from holding its annual sensual and erotic art exhibition. Obtained injunctive relief allowing exhibition to go forward. Argued for Plaintiff in Ninth Circuit Court of Appeals.

Neal v. Basset Unified School District – Represented student suspended for writing open letter to school community critical of principal. Obtained Temporary Restraining Order enabling student to return to school and Preliminary Injunction allowing student to attend graduation with his class and obtain his diploma.

**FIRST AMENDMENT RELIGION**

Buono v. Norton – Successfully represented plaintiffs challenging display of Latin Cross on federal land in Mojave National Preserve in both district court and the Ninth Court of Appeals. Represented Plaintiff in United States Supreme Court on challenge to validity of congressional transfer of land upon which the Latin Cross is located.

Bacus v. Palo Verde Unified School District – Case on behalf of two teachers challenging constitutionality of school board practice of opening school board meetings with sectarian prayers. Successfully argued appeal for Plaintiffs in Ninth Circuit Court of Appeals.

ACLU v. City of Redlands – Obtained injunctive relief under the Establishment Clause preventing City of Redlands from sponsoring March For Jesus Parade.

## FOURTH AMENDMENT AND PRIVACY

Trujillo/Bernhard v. City of Ontario – Represented class of police officers challenging warrantless video surveillance of police locker room. Successfully argued appeal for Plaintiff class in Ninth Circuit Court of Appeal of denial of qualified immunity to Defendants.

Fitzgerald v. City of Los Angeles – Represented group of homeless individuals and obtained settlement in challenge to pattern of arrests and searches of Plaintiffs.

Riordan v. Verizon and Campbell v. AT&T – Representing telephone customers in challenge to telecommunications carriers' practice of turning over customer phone records to the National Security Agency.

## DISABILITY RIGHTS

Beauchamp v. MTA -- class action suit on behalf of bus riders in wheelchairs against the Los Angeles County MTA for failing to obey Americans With Disabilities Act. Obtained preliminary injunctive relief and negotiation settlement agreement requiring significant improvements in bus service to riders with mobility impairments.

Miles v. Superior Court – Represented class of persons with disabilities challenging inaccessibility of Los Angeles County Superior Courts.

## EDUCATIONAL EQUITY

Daniel v. California – Challenge to unequal access to AP classes under the California State Constitution. Case resulted in settlement through legislation setting up AP Challenge Grant program for schools with few or no AP classes.

Williams v. California – Challenge to unequal and inadequate school facilities, unqualified teachers and lack of instructional materials in K-12 public schools. Settlement provided for, among other things, $800 million emergency repair program and monitoring of facilities, access to instructional materials by County Superintendents of Education.

## EQUAL PROTECTION

Gregorio T. v. Wilson -- case successfully challenging the constitutionality of California's Proposition 187.

## FREEDOM OF INFORMATION

Wiener v. FBI -- successfully represented University of California history professor seeking documents concerning the FBI's surveillance of John Lennon during the early 1970's

## HABEAS CORPUS

McDougal v. Ramon -- Successfully challenged confinement of Whitewater suspect, Susan McDougal, in 23-hour lockdown in Los Angeles County Jail.

**References for Peter J. Eliasberg**

Professor William B. Rubenstein
Harvard Law School - AR323
1545 Massachusetts Avenue
Cambridge, Massachusetts 02138
617.496.7320
rubenstein@law.harvard.edu
(former Project Director and Staff Attorney, ACLU National LGBT and AIDS Projects, 1987-1995)

Hector Villagra
Legal Director
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, California 90017
213-977-9500 ext 101
hvillagra@aclu-sc.org

Exhibit C

| Description | Bill | Biller | Rate | Date | Hrs | Billed | Unbilled | Billed |
|---|---|---|---|---|---|---|---|---|
| Outline for motion to affirm fee award; email cocounsel re same | Yes | PB | 640 | 3/30/2014 | 0:36 | 0:36 | $ - | $ 384.00 |
| Draft Vasquez stip re fees in district court, counter-offer email to Shel; email to Joe Ybarra | Yes | PB | 640 | 4/8/2014 | 1:42 | 1:42 | $ - | $ 1,088.00 |
| Fees motion -- adapt stip to factual background; research & drafting on law of case section | Yes | PB | 640 | 4/16/2014 | 0:30 | 0:30 | $ - | $ 320.00 |
| Fees motion -- research re interest & calculation | Yes | PB | 640 | 4/16/2014 | 0:54 | 0:54 | $ - | $ 576.00 |
| Fees motion -- research & draft law of case section | Yes | PB | 640 | 4/16/2014 | 0:42 | 0:42 | $ - | $ 448.00 |
| Conf. with intern (JK) re scope of remand research assignment | No | PB | 640 | 5/20/2014 | 0:30 | 0:00 | $ 320.00 | $ - |
| Review intern memo; conf. re further research | No | PB | 640 | 5/28/2014 | 0:12 | 0:00 | $ 128.00 | $ - |
| Review revised draft of intern memo | No | PB | 640 | 6/4/2014 | 0:12 | 0:00 | $ 128.00 | $ - |
| motion to confirm fees: incorp. intern memo & add'l research, draft reduction for multiplier | Yes | PB | 640 | 6/22/2014 | 1:00 | 1:00 | $ - | $ 640.00 |
| motion to confirm fees: incorp. intern memo & add'l research, draft reduction for multiplier | Yes | PB | 640 | 6/22/2014 | 1:00 | 1:00 | $ - | $ 640.00 |
| motion to confirm fees: incorp. intern memo & add'l research, draft reduction for multiplier | Yes | PB | 640 | 6/23/2014 | 1:42 | 1:42 | $ - | $ 1,088.00 |
| motion to confirm fees: incorp. intern memo, draft reduction for multiplier; research and drafting on entitlement to multiplier from fed claims | Yes | PB | 640 | 6/26/2014 | 2:54 | 2:54 | $ - | $ 1,856.00 |
| calls w Carol Sobel, LS re fees declarations | No | PB | 640 | 6/28/2014 | 0:12 | 0:00 | $ 128.00 | $ - |
| review motion re fees | Yes | PJE | 730 | 7/1/2014 | 0:30 | 0:30 | $ - | $ 365.00 |
| review PJE edits; circulate draft to team | No | PB | 640 | 7/1/2014 | 0:24 | 0:00 | $ 256.00 | $ - |
| restructure & edits to memo to confirm fees; draft proposed order | Yes | PB | 640 | 7/1/2014 | 3:00 | 3:00 | $ - | $ 1,920.00 |
| Review LS changes to memo re fees, further edits; draft proposed Order | Yes | PB | 640 | 7/11/2014 | 1:00 | 1:00 | $ - | $ 640.00 |
| **Totals** | | **PB** | **640** | | **16:30** | **15:00** | **$ 960.00** | **$ 9,600.00** |
| | | **PJE** | **730** | | **0:30** | **0:30** | **$ -** | **$ 365.00** |
| | All Billers | | | | 17:00 | 15:30 | $ 960.00 | $ 9,965.00 |