UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

Case No. **SA CV 09-01090-VBF** Dated: November 5, 2014

Title: ***Manuel Vasquez Miguel Bernal Lara, Gabriel Bastida, and James Doe and all others similarly situated, Plaintiffs v. Tony Rackauckas (Orange County District Attorney) in his official capacity and Robert Gustafson (Chief of Police, Orange Police Dep't) in his official capacity, and Does 1-10 in their official and individual capacities, Defendants***

---

PRESENT: HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

N/A
Courtroom Deputy

N/A
Court Reporter

ATTORNEYS PRESENT FOR APPELLANT: N/A

ATTORNEYS PRESENT FOR APPELLEES: N/A

**PROCEEDINGS (IN CHAMBERS):** **Order (1) Granting Plaintiffs' "Motion to Amend Attorneys' Fees Award Against Rackauckas" (Doc 530) (Relieving Rackauckas of Liability for Fees Attributable to State-Law Multiplier;**

**(2) Determining that Argument that Gustafson Should Not Be Liable for Prior Fee Award is Barred by the Rule of Mandate and by Defendants' Failure to Raise it on Appeal;**

**(3) Determining that Argument that Prior Fee Award Should Be Apportioned is**

**Barred by Defendants' Failure to Raise It on Appeal;**

**(4) Holding Defendants Jointly and Severally Liable for Fees and Costs Incurred by Plaintiffs in Preparing the Instant Motion and in Complying with This Order (Including Interest);**

**(5) Directing Plaintiffs to File a Proposed Order by November 20, 2014**

In September 2009, Manuel Vasquez, Miguel Bernal Lara, and Gabriel Bastida ("plaintiffs") filed the complaint initiating this 42 U.S.C. section 1983 civil-rights action on behalf of themselves and "all others similarly situated." *See* Case Management / Electronic Case Filing Document ("Doc") 1 ¶¶ 1 and 7. The complaint stated, in pertinent part,

> 3. On February 17, 2009, the OCDA brought a civil nuisance abatement lawsuit against an alleged criminal street gang, 115 named individuals alleged to be members of that gang, including Plaintiff[s], and 150 unnamed individuals alleged to be members of the gang, seeking to subject them to virtually identical preliminary and permanent injunctions that prohibit and, in effect, criminalize commonplace and lawful activities – such as going outside in the evening, walking into a restaurant or onto a bus, or attending a political meeting or religious service – in an area of the City of Orange totaling approximately 3.78 miles, referred to as the "Safety Zone." For every act in violation of the injunction, a person can receive up to six months in jail and a $1,000 fine.
>
> 4. At least 61 individuals, including Plaintiff[s], contested the OCDA's allegations and sought as best they could – most had no attorney representing them – to hold the OCDA to the burden of proving the case by clear and convincing evidence. However, to avoid having to meet this burden, the OCDA dismissed the suit against these individuals, depriving them of their day in court. Having intentionally short-circuited the judicial process insofar as the individuals dismissed from the suit are concerned, the OCDA and OPD turned around and served them with a permanent injunction obtained via default against the gang.
>
> These individuals are now bound by the injunction and immediately subject to arrest and criminal prosecution for any violation of its terms. Thus, the OCDA and OPD subjected individuals to the injunction without the apparent nuisance of having to prove its case against them. Such tactics

> fly in the face of the Fourteenth Amendment to the United States Constitution and Article I, section 7 of the California Constitution.
>
> Accordingly, Defendant[s] should be prohibited from serving or enforcing the injunction against Plaintiff[s] unless and until they have had a meaningful opportunity to contest the allegations against them and there has been a judicial determination that the Order is justified and should issue against them.

Doc 1 ¶¶ 3-4.

In March 2010, Vasquez moved for class certification. After considering opposition and reply briefs (Docs 128-130), this Court on April 19, 2010 certified two plaintiff classes, with the three named plaintiffs as representatives of each class. The first class consisted of all persons named as individual defendants in the State's February 17, 2009 Orange County ("OC") Superior Court action against the Orange Varrio Cypress Criminal Street Gang who appeared in OC Superior Court to defend themselves and were voluntarily dismissed by the OCDA, and who as of September 23, 2009 did *not* have contempt orders against them for alleged violations of the May 14, 2009 permanent injunction issued by the state court in that case. *See* Doc 135 at 1-2.

The second class consisted of all *juveniles* named as individual defendants in that state-court case, for whom no guardian ad litem was appointed, who appeared in OC Superior Court to defend themselves and were voluntarily dismissed by the OCDA, and who as of September 23, 2009 did *not* have contempt orders against them for alleged violations of the May 14, 2009 permanent injunction issued by the state court in that case. *See* Doc 135 at 2. This Court certified the classes with respect to the federal due process claim and the state due process claim, and appointed the American Civil Liberties Union of Southern California ("ACLU/SC") as counsel for both classes, *see id.* By Order issued in August 2010 (Doc 186), this Court added the law firm of Munger, Tolles & Olson, LLC ("MTO") as co-counsel for the plaintiff classes.

**Entry of Permanent Injunction and Final Judgment in favor of the Plaintiff Classes.** After conducting a lengthy bench trial in November and December 2010 and receiving post-trial briefs, this Court on April 1, 2011 issued a Statement of Tentative Decision in favor of the plaintiff classes (Doc 394) and an Order re: Proposed Conclusions of Law, Proposed Findings of Fact, and Proposed Judgment (Doc 395). After considering the parties' responses and proposals (Docs 396-404), this Court on May 10, 2011 issued Findings of Fact and Conclusions of Law and Permanent Injunction Order (Doc 405) and a final Judgment in favor of the

plaintiff classes (Doc 406). Both defendants timely appealed (Docs 408 and 427), and in May 2011 the undersigned issued an order (Doc 419) denying the defendants' motion for a stay pending appeal. On July 1, 2011 the undersigned denied the DA's motion to alter the judgment or make new findings (*see* Doc 459).

**Award of Attorneys Fees and Costs to the Plaintiff Classes.** By Order issued July 1, 2011 (Doc 460), this Court granted the plaintiff classes' motion for an award of attorney fees and costs. This Court determined that the plaintiff classes were "prevailing parties" under federal law and were entitled to fees under 42 U.S.C. section 1988, and that the plaintiff classes were prevailing parties under California law and were entitled to fees under Cal. Code of Civ. Pro. § 1021.5, *see* Doc 460 at 1 ¶¶ 1-2. As to work done by MTO both before and after judgment, the Court found that the fees sought by the plaintiff classes were reasonable and sufficiently documented, *see* Doc 460 at 2 ¶ 4. As to work done by the ACLU/SC's lawyers and paralegals both before and after judgment, the Court further found that the fees sought by the plaintiff classes for the work of the ACLU/SC's were reasonable; the Court declined to award fees, however, for the ACLU/SC interns, finding "insufficient support for the billing rate of the interns and the reasonableness of their hours on task", *see id.*

Before application of a state-law multiplier, the fee award was $1,741,761.50 for ACLU/SC and $973,996.50 for MTO, *see* Doc 460 at 2 ¶ 4. After considering the factors set forth by the California Supreme Court, this Court concluded that a multiplier of 1.2 was appropriate given the novelty and difficulty of the issues, the skill displayed in presenting them, the extent to which the litigation precluded other employment by the attorneys, and the contingent nature of the fee award, *id.* at 2 ¶ 5. The Court concluded its fee award by stating that "the award shall be awarded against the Defendants jointly and severally, or pursuant to the Defendants' stipulation. The court finds insufficient grounds to apportion the amounts at this time." *Id.* at 2 ¶ 8. The final award was $3,247,249 in fees and $24,412.24 in costs, *id.* at 2 ¶¶ 5 and 7.

**On appeal, the Ninth Circuit issued a published opinion stating in part as follows:**

> The district court approached this case with the utmost care, first denying a preliminary injunction and then, after full discovery, presiding over an eleven-day bench trial. In a comprehensive opinion, the district court concluded that (1) the constitutional issue should be decided, as no application abstention doctrine justified declining to do so; and (2) in the particular posture of this case, and given the breadth of the state court injunction at issue, due process requires that the

> plaintiff class members be afforded an adequate opportunity to contest whether they are active gang members before they are subjected to the injunction. We affirm the district court in principal part.

*Vasquez v. Rackauckas*, 734 F.3d 1025, 1030 (9th Cir. 2013).

**The panel upheld this Court's reasoning about the propriety of exercising jurisdiction.** The panel upheld this Court's determination that *Younger* abstention did not apply, *Vasquez*, 734 F.3d at 1035-36; and held that the plaintiffs' federal lawsuit was "not a forbidden *de facto* appeal" from the state courts' rulings under the *Rooker-Feldman* doctrine, *id.* at 1036. Next, the panel rejected defendants' argument that this Court "should have abstained . . . under more general principles of comity, equity, and federalism, unmoored from any particular abstention doctrine heretofore endorsed by the Supreme Court or our court", *id.* at 1036-39. Fourth, the panel rejected the defendants' contention that this Court erred in "accepting jurisdiction" under a line of cases originating with *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S. Ct. 1173 (1942), *id.* at 1039-41.

**Conversely, the panel reversed this Court's judgment against the OCDA on plaintiffs' second claim, a procedural due-process claim under the California Constitution**. The panel, *Vasquez*, 734 F.3d at 1041, agreed with the defendants that that state-law claim against the OCDA was barred in federal court by *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S. Ct. 900, 911 (1984), where the Supreme Court stated in pertinent part,

> a federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

The panel in our case explained, though, that

> *Pennhurst*, of course, has no bearing on [the DA]'s amenability to suit in federal court for alleged violations of *federal* law. The district court determined that Plaintiffs were entitled to relief under the federal Constitution before proceeding to address their claims under the California Constitution, and awarded the same declaratory and injunctive relief on each independent ground.

> [The DA]'s state-law immunity argument does not impact our analysis of Plaintiffs' *federal* due process claim or the corresponding relief granted, to which we turn.

*Vasquez*, 734 F.3d at 1041 (footnote 15 omitted, emphasis added).

**On the merits of the plaintiffs' *federal* procedural due process claim, the panel affirmed** this Court's legal analysis on de novo review, affirmed this Court's factual findings on clear-error review, and affirmed the issuance of declaratory and injunctive relief in plaintiffs' favor, *see Vasquez*, 734 F.3d at 1041-53.

**Finally, the panel held that this Court did not abuse its discretion in its award of attorneys fees and costs to the plaintiffs against both defendants.** The panel specifically agreed with this Court's determination that there were no special circumstances which would render a fee award unjust. *See Vasquez*, 734 F.3d at 1055-56. **In their concluding footnote, however, the majority identified an issue to be resolved on remand with regard to defendant OC:**

> Because [OC] is not subject to equitable remedies for violations of state law in this case, *see supra* Section III, it is possible that there is some difference in the amount of the fee award (which included a state-law multiplier) that can be applied to him. We leave it to the district court in the first instance to determine whether there is in fact some portion of the fee award for which [OC] is not responsible.

*Id.* at 1056 n.28. In contrast, the panel opinion did not suggest any doubt about the propriety of holding defendant City of Orange / Chief of Police Robert Gustafson liable for the whole fee award, and it did not direct or authorize this Court to reconsider the City's liability for the whole fee award. On appeal, defendants did not challenge the imposition of joint-and-several liability for the fee award; while the panel did not specifically discuss the joint and several nature of the fee award, neither did it intimate any doubts about the propriety of holding both defendants jointly and severally liable for fees. Neither side sought panel rehearing or rehearing *en banc*, and the Ninth Circuit issued its mandate on November 29, 2013 (Doc 522).

<u>MODIFICATION OF THE FEE AWARD AGAINST RACKAUCKAS (ORANGE COUNTY)</u>

The Ninth Circuit remanded simply for this Court "to determine whether there is in fact some portion of the fee award for which Defendant Rackauckas is not responsible," *Vasquez*, 734 F.3d at 1056 n.28, and for no other purpose. As plaintiffs note, "Defendants take the position, which Plaintiffs do not oppose, that Rackauckas

[Orange County] should not be held responsible for the full fee award previously entered by this Court; [and] that the fee award [against Rackauckas] should be reduced to exclude the state-law multiplier (which Plaintiffs again do not oppose); . . . ." Plaintiffs' Reply (Doc 531) at 5. The Court agrees that, as the Ninth Circuit intimated, defendant Rackauckas (Orange County) should not be held liable for the portion of the attorney fee award which is attributable to the state-law multiplier. The state-law multiplier appeared applicable only because this Court ruled in favor of plaintiffs' on their procedural due-process claim under the California Constitution, and the Circuit held on appeal (*Vasquez*, 734 F.3d at 1041) that *Pennhurst*, 465 U.S. 89, barred a federal court from issuing equitable relief against OC on the state-law claim.

Accordingly, as the parties agree is proper, the Court will reduce the fee award against defendant Orange County alone. The Court will hold the County liable only for that portion of the fee award which existed prior to application of the state-law multiplier. Defendant City of Orange (police chief Gustafson), by contrast, will remain liable for the entire fee award, including the portion attributable to the state-law multiplier.

<u>The Rule of Mandate Deprives this Court of Jurisdiction over Defendants' Argument that Gustafson Should Not Be Liable for Any of the Prior Attorney-Fee Award</u>

Defendants have devoted much of their response to the contention that defendant *City of Orange* (police chief Gustafson) should not be liable for any portion of the fee award because the City was merely following the legal advice of the OCDA. As to defendant *City's* liability for fees, the defendants jointly argue as follows:

> The uncontroverted evidence presented at trial and throughout this entire litigation makes clear that Defendant Rackauckas and the Orange County District Attorney's Office ("OCDA") acted as counsel entirely in charge of the litigation obtaining and effecting [sic] the gang injunction against the Orange Varrio Cypress Criminal Street Gang ("OVC"). Defendants agree that the OCDA was exclusively responsible for the legal strategy for seeking the OVC gang injunction [in Orange County Superior Court] and the legal decisions made during the litigation, such as the pivotal decision to dismiss the named defendants after the litigation had commenced. * * * It

> was the OCDA who served as legal counsel for Defendant Gustafson and the Orange Police Department ("OPD"), which in turn, acted consistent with OCDA's legal advice at all times.
>
> This Court's Findings of Fact and Conclusions of Law After Trial are consistent with Defendants' contention that the OCDA was responsible for obtaining and enforcing the OVC injunction. Indeed, this Court found that it was the OCDA who filed suit against the OVC and prepared all the filings in that matter. This Court also found that it was the OCDA alone that decided to name the gang and 115 of its [alleged] participants as individual defendants in the injunction action. This Court also found that it was the OCDA alone [not the City of Orange] who decided to dismiss the 62 individuals from the case. * * *

Defendants' Response Brief ("Defs' Resp") (Doc 530) at 4 (internal citations to Court's Findings of Fact, Doc 405, omitted). As the plaintiffs aptly put it (Doc 531 at 6), "[b]ecause the parties agree on the proper resolution of fees against defendant Rackauckas, the only contested issue in this motion is the one introduced by Defendants in their opposition brief: whether this Court should alter its prior judgment, and the judgment of the Ninth Circuit, imposing liability for fees against defendant Gustafson." The Court agrees with plaintiffs that defendant City's violation of plaintiffs' constitutional rights to procedural due process is an issue which falls clearly outside the scope of the short, simple, and clear remand directive which appears in the Circuit's opinion at *Vasquez*, 734 F.3d at page 1056 footnote 28. Likewise, the City's liability for the entirety of the fee award is an issue which falls clearly outside the scope of the remand directive which appears in footnote 28 of the Circuit's opinion. *Cf. United States v. Stanley*, 54 F.3d 103, 108 (2d Cir. 1995) ("Our decision in *Stanley I* did not call for *de novo* resentencing. Instead, *we identified a narrow issue for remand*. Thus, even if the district court reconsidered the . . . enhancement . . . it did so improperly.") (emphasis added).

**The Court determines that the rule of mandate bars consideration of any argument that the City was not responsible (or not substantially responsible) for the violation of the plaintiffs' constitutional rights to procedural due process. The rule of mandate also bars consideration of the City's consequent**

**liability for this Court's previous award of attorneys fees and costs.** "The rule of mandate provides that any 'district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it.'" *Rezner v. Unicredit Bank AG*, No. 12-16719, – F. App'x –, 2014 WL 5356635, *1 (9th Cir. Oct. 22, 2014) (O'Scannlain, Thomas, McKeown) (quoting *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). "[L]ower courts are obliged to execute the mandate," and "they are free [only] as to 'anything not foreclosed by the mandate.'" *United States v. Kellington*, 217 F.3d 1084, 1092-93 (9th Cir. 2000) (quoting *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993)).

For the rule of mandate to apply, "'the issue in question must have been decided explicitly or by necessary implication in the previous disposition.'" *Edgerly v. City & County of San Francisco*, 713 F.3d 976, 984 (9th Cir. 2013) (quoting *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007)). On the merits of the plaintiffs' *federal* procedural due process claim, the panel expressly affirmed this Court's legal analysis in its entirety on de novo review, affirmed this Court's factual findings in their entirety on clear-error review, and affirmed entirely this Court's issuance of declaratory and injunctive relief in plaintiffs' favor, *see Vasquez*, 734 F.3d at 1041-53. Finally, the panel held that this Court did not abuse its discretion in awarding attorneys fees and costs – an award which this Court held applied to both defendants jointly and severally. *See Vasquez*, 734 F.3d at 1055-56.

The Circuit had the authority and the opportunity to take various courses of action: (1) reverse the fee award entirely because there existed special circumstances rendering an award unjust; (2) affirm the fee award as to the OCDA but reverse it as to the City on the ground set forth in defendants' instant response brief; (3) leave the fee award in place but direct that fees be apportioned rather than imposed on both defendants jointly and severally, as the defendants now say was necessary; (4) uphold an award of fees as proper, but modify the amount of the award on the ground that the number of hours expended and/or the hourly rates requested were unreasonable; (5) uphold an award of fees as proper, but remand for the district court to receive and consider more substantial or more detailed documentation regarding the number of hours claimed and the hourly rates requested by plaintiffs' counsel.

This Court finds it significant that the Circuit took none of the aforementioned courses of action. Rather, other than the narrow issue which the panel identified in its footnote defining the scope of remand, the Circuit did not imply that there was any defect in the reasoning, evidence, or calculations used to support this Court's

determination that both defendants should be jointly and severally liable for the fees ordered. **Accordingly, the Court finds that while the panel perhaps did not explicitly decide the issue of the City's liability for fees, it did decide that issue "'by necessary implication . . . .'" *Edgerly*, 713 F.3d at 984 (quoting *Thrasher*, 483 F.3d at 981).**

"**In this circuit, the rule of mandate is jurisdictional.**" *United States v. Alstyne*, 510 F. App'x 622, 623 (9th Cir.) (Hawkins, Berzon, Clifton) (citing *Thrasher*, 483 F.3d at 982 (J. Wallace, joined by J. Gould), *cert. denied*, – U.S. –, 134 S. Ct. 191 (2013); *see also Thrasher*, 483 F.3d at 983 (Berzon, J., concurring) ("I also agree, under compulsion of our precedent, that the rule of mandate is in some sense jurisdictional.") (citing, *inter alia*, *United States v. Pimentel*, 34 F.3d 799, 800 (9th Cir. 1994) (per curiam) (describing the circuit's mandate as limiting the district court's "authority")). Consequently, the rule of mandate leaves this Court with no authority or discretion to consider the defendants' contention that the City should not be liable for fees. *See Merritt v. Countrywide Financial Corp.*, 759 F.3d 1023, 1036 (9th Cir. 2014) ("Courts '[have] no authority to create equitable exceptions to jurisdictional requirements.'") (quoting *Bowles v. Russell*, 551 U.S. 205, 214, 127 S. Ct. 2360, 2366 (2007)) (bracketed text added by Ninth Circuit in *Merritt*).

<u>Defendants Have Waived their Argument that the Prior Fee Award Should Be Apportioned by Failing to Raise It on Appeal to the Ninth Circuit</u>

After arguing that the City should not be liable for any of the prior fee award, the defendants argue in the alternative that the Court should at least apportion those fees between the two defendants, with the majority of the fees payable only by the County. The Court perceives a colorable argument that the Circuit did not decide the apportionment issue "by necessary implication" and that apportioning fees, as defendants request, would not necessarily run counter to the spirit or intent of the circuit's decision. *See Hall*, 697 F.3d at 1067 ("[W]hen a court is confronted with issues that the remanding court never considered, the 'mandate requires respect for what the higher court decided, not for what it did *not* decide.' (quoting *Kellington*, 217 F.3d at 1093) (brackets and alterations omitted); *see also Kellington*, 217 F.3d at 1093 ("[U]nder certain circumstances, '[a]n order issued after remand my deviate from the mandate . . . if it is not counter to the spirit of the circuit court's decision . . . .'") (quoting *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1404 (9th Cir. 1993)) (citing *King Instrument*

*Corp.*, 814 F.2d 1560, 1563 (9th Cir. 1987))). **For defendants' sake, therefore, the Court will assume *arguendo* that the rule of mandate does not deprive this Court of jurisdiction to consider the apportionment argument.**

**Nonetheless, Ninth Circuit authority compels the conclusion that defendants waived the apportionment argument by failing to raise it on appeal.** *See United States v. Wright*, 716 F.2d 549, 550 (9th Cir. 1983) (per curiam). Generally in our circuit, "a party waives a 'new contention that could have been but was not raised on [a] prior appeal.'" *Slice v. Acton*, 2012 WL 1900567, *1 (D. Mont. May 24, 2012) (quoting *Munoz v. County of Imperial*, 667 F.3d 811, 817 (9th Cir. 1982) (citing, *inter alia*, *Calhoun v. Bernard*, 359 F.2d 400, 401 (9th Cir. 1966))), *app. dismissed*, No. 12-35713 (9th Cir. Aug. 30, 2012). *Cf. United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996) ("A party cannot use the accident of a remand to raise . . . an issue that he could just as well have raised in the first appeal because the remand did not affect it.").

**Moreover, the Ninth Circuit recently applied this waiver rule to bar a party's post-appeal attempt to re-litigate the precise issue which defendants seek to raise on remand here: the joint and several nature of a fee award.** In *Jimenez v. Franklin*, 680 F.3d 1096, 1098-99 (9th Cir. 2012), the Circuit stated, "The proper time to challenge the joint and several nature of the attorney's fee award . . . was on appeal of the order which included the fee award and provided that defendants were jointly and severally liable for it. Defendants failed to do so and cannot re-litigate the issue here."[1] *Cf. also, e.g., Sternberg v. Johnston*, 492 F. App'x 724, 725 (9th

---

[1] In their reply brief, plaintiffs state,

> Defendants' challenge on remand to the judgment awarding fees against Gustafson is so utterly baseless as to be sanctionable. * * * [D]espite plaintiffs' substantial discussion in the opening brief on why the only issue before this Court is what portion of the fee award Rackauckas is responsible for, Defendants cite no case law explaining how this Court could reconsider the judgments against Gustafson that have been affirmed by the Ninth Circuit based on arguments that were not raised on appeal.

Doc 531 at 5-6. Federal Rule of Civil Procedure 11, however, "places stringent notice and filing requirements on parties seeking sanctions." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). Rule 11(c)(2) states that "[a] motion for sanctions must be made separately from any other motion." Rule 11(c)(2) further provides that

Cir. 2012) ("Since Sternberg could have – but did not – argue to overturn the $24,491 award in his first appeal, he may not make this argument now. Litigants proceed at their own risk if they leave arguments lying in the weeds.") (citing *Jimenez*, 680 F.3d at 1099-1100, and *In re Cellular 101, Inc. (Lowery & Cellular 101, Inc. v. Channel Communications, Inc.)*, 539 F.3d 1150, 1155 (9th Cir. 2008) (holding that it would be a "manipulation" of the court system for a party that failed to raised all relevant issues in its first appeal to be allowed a "second bite at the apple")).[2]

To the extent that defendants' arguments are not barred by the rule of mandate or waived by their failure to raise them on appeal, the Court would still find that defendants are not entitled to have them heard again by this Court now. In its brief opposing the plaintiffs' motion for an award of attorneys fees, defendant City of Orange (police chief Gustafson) already presented this Court with a substantial argument that the Court should apportion fees rather than holding the defendants jointly and severally liable. *See* Doc 438 at 6-11. In their response, defendants do not identify any U.S. Supreme Court or Ninth Circuit decision, issued after this Court's prior fee order, which compels the conclusion that joint and several liability is inappropriate. Absent such intervening binding precedent, the Court declines to wade back into the apportionment debate at this late date.

PLAINTIFFS ARE ENTITLED TO "FEES ON FEES" FOR WORK DONE ON THIS MOTION

---

"[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." This is known as the "safe harbor" provision. *See Kirkeby v. JPMorgan Chase Bank, N.A.*, 2014 WL 4364836, *10 (S.D. Cal. Sept. 3, 2014) (Hayes, J.).

Because plaintiffs have not complied with Rule 11(c)(2), the Court declines to consider their suggestion that defendants have engaged in sanctionable conduct. *See, e.g., Bontemps v. Salinas*, 2014 WL 1513963, *4 (E.D. Cal. Apr. 11, 2014) (Claire, M.J.) (because defendants did not follow the Rule 11(c)(2) procedures before asking the court to sanction plaintiff for his false representations to the court, the Magistrate Judge recommended that the court not impose sanctions), *R&R adopted*, 2014 WL 2003697 (E.D. Cal. May 14, 2014) (Nunley, J.).

[2]The Court similarly finds that defendants waived their argument that the City should not be liable for any fees, by failing to raise it on appeal.

Finally, the Court agrees with plaintiffs that they are entitled to an additional award of reasonable attorneys fees and costs which they incurred in preparing their briefs on the plaintiffs' motion to amend the prior fee award on remand, so-called "fees on fees." As plaintiffs cogently reason in their reply brief,

> This motion [w]as necessary [only] because Defendants have insisted on challenging this Court's prior judgment awarding fees against defendant Gustafson, a judgment that was based on Plaintiffs prevailing in full by the Ninth Circuit (and is therefore now beyond the power of this Court to modify, as set forth above). * * * This motion therefore constitutes the kind of litigation that courts have held justifies the award of further fees.

Doc 531 at 12 (quoting *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) ("A culpable defendant should not be allowed to cause the erosion of fees awarded to the plaintiff for time spent in obtaining the favorable judgment by requiring additional time to be spent thereafter without compensation.")); *see also In re Southern California Sunbelt Developers, Inc.*, 608 F.3d 456, 463 (9th Cir. 2010) ("'[I]t would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time reasonably spent in establishing their rightful claim to the fee.'") (quoting *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 981 (9th Cir. 2008)).

In other words, by asserting arguments that were resolved in favor of plaintiffs on appeal or that defendants *could* have raised on appeal, defendants have forced plaintiffs to incur additional, unnecessary fees simply to defend the initial award. As our Circuit has explained, "There is no difference in principle between the time spent preparing a fee application and the time spent successfully defending the application. Both are a necessary part of the award of attorney's fees." *Kinney v. IBEW*, 939 F.2d 690, 694 (9th Cir. 1991) (case under Labor-Management Reporting and Disclosure Act) (citing *Bagby v. Beal*, 606 F.2d 411, 416 (3d Cir. 1979) (reaching same conclusion as to civil-rights cases arising under 42 U.S.C. section 1988)).

**The Court further finds that the hours expended and hourly rates requested by the plaintiffs are reasonable and appropriate for our local legal market** as explained by plaintiffs in their opening brief (Doc 527) and the accompanying declarations of Carol A. Sobel, Barrett S. Litt, and Laura D. Smolove, as well as in the plaintiffs' reply brief (Doc 531 at 8-12) and the accompanying Reply Declaration of Peter Bibring and its

exhibits.[3] *See generally Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941 (1983) ("A request for attorney's fees should not result in a second major litigation."); *Perez v. Safety-Kleen Systems, Inc.*, 448 F. App'x 707, 709 (9th Cir. 2011) (quoting *Fox v. Vice*, – U.S. –, 131 S. Ct. 2205 (2011) ("We emphasize, as we have before, that the determination of fees should not result in a second major litigation. The fee applicant . . . must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award. But trial courts need not, and indeed should not, become green-eye-shade accountants.")) (citations and internal quotation marks omitted); *see, e.g., Pierce v. County of Orange*, 905 F. Supp.2d 1017, 1045 (C.D. Cal. 2012) (Audrey Collins, J.) (stating, with little additional discussion, "Plaintiffs are therefore entitled to 'fees on fees' and the Court finds $70, 346.15 to be a reasonable lodestar for the substantial briefing and supporting documents required . . . .") (citing *Camacho*, 523 F.3d at 981-82).

**ORDER**

ATTORNEYS FEES AND COSTS INCURRED BY PLAINTIFFS PRIOR TO REMAND

Plaintiffs' "Motion to Amend Attorneys' Fees Award Against Defendant Rackauckas on Remand" **[Doc # 527] is GRANTED.** This Court's prior fee award **IS AMENDED** to relieve defendant Rackauckas of liability for fees attributable to the state-law multiplier.

---

3

If the defendants wished to challenge the evidence, reasoning, or calculations set forth in plaintiffs' reply regarding the propriety of a "fees on fees" award or the reasonableness of the hours expended and the rates requested, defendants could have sought leave to file a sur-reply. They have not done so. *Cf., e.g., Great American Ins. Co. v. Chang*, 2014 WL 2967469, *1 (N.D. Cal. July 1, 2014) (Samuel Conti, J.) ("If the Changs believed a sur-reply was necessary, they should have moved for the Court's leave to file one and then stated the reasons for it. They did not do so."); *Swearingen v. Santa Cruz Natural, Inc.*, 2014 WL 2967585, *3 n.1 (N.D. Cal. July 1, 2014) (Susan Illston, J.) ("The Court recognizes that the March 5, 2014 Notice . . . was raised for the first time in defendant's reply brief, and, therefore, the plaintiffs could not have addressed the FDA notice in their opposition to the motion. However, . . . plaintiffs could have sought leave to file a sur-reply brief . . . ."); *Reva Int'l, Ltd.*, 2007 WL 4592216, *7 n.4 (D. Nev. Dec. 28, 2007) (Larry Hicks, J.) ("The court recognizes that the evidence of the quotation was not addressed until Defendants' reply points and authorities [sic]. Nevertheless, to the extent Reva had evidence that the purchase and sale was a separate transaction from the installation, Reva could have sought leave to file a sur-reply.").

The Court **DECLINES** to consider defendants' request to eliminate defendant Gustafson's liability for attorneys fees and costs for work performed prior to remand.

The Court **DECLINES** to consider defendants' request to apportion the prior award of attorneys fees; defendants **SHALL REMAIN** jointly and severally liable for the portion of said fees which is not attributable to the state-law multiplier.

ATTORNEYS FEES AND COSTS INCURRED BY PLAINTIFFS ON THE INSTANT MOTION

In addition, both defendants are jointly and severally liable to pay plaintiffs for the reasonable attorneys fees and costs which plaintiffs incurred in preparing (1) plaintiffs' opening brief in support of their "Motion to Amend Attorneys' Fees Award Against Defendant Rackauckas on Remand" (Document 527) and all attachments and exhibits thereto, (2) plaintiffs' reply brief (Document 531) and all attachments and exhibits thereto, and (3) plaintiffs' forthcoming response to this order.

The Court **APPROVES as reasonable** the number of hours expended by plaintiffs' counsel and the hourly rates requested by plaintiffs' counsel in their briefs and attachments on the instant motion to amend. The same rates **SHALL APPLY** to hours which plaintiffs expend to comply with today's Order.

No later than Thursday, November 20, 2014, plaintiffs **SHALL FILE** a proposed order which separately specifies each of the following and directs defendants to pay each of the following:

(1) the amount which defendant Rackauckas must pay to plaintiffs for fees and costs incurred prior to remand (both pre-judgment and post-judgment), *excluding* the state-law multiplier;

(2) the amount which defendant Rackauckas must pay to plaintiffs as interest on the amount in (1) through and including Friday, November 21, 2014;

(3) the amount which defendant Gustafson must pay to plaintiffs for fees and costs incurred prior to remand (both pre-judgment and post-judgment), *including* the state-law multiplier;

(4) the amount which defendant Gustafson must pay to plaintiffs as interest on the amount in (3) through and including Friday, November 21, 2014;

(5) the amount which both defendants jointly and severally must pay to plaintiffs for fees and costs incurred on remand to prepare briefs (including exhibits and attachments) in support of their "Motion to Amend Attorneys' Fees Award Against Defendant Rackauckas on Remand";

(6) the amount which both defendants jointly and severally must pay to plaintiffs as interest on the amount in (5) through and including Friday, November 21, 2014.

(7) the amount which both defendants jointly and severally must pay to plaintiffs for fees and costs incurred by plaintiffs in complying with today's Order.

Plaintiffs simultaneously **SHALL FILE** a short attachment which explains how each amount was calculated.

IT IS SO ORDERED.



Initials of Deputy Clerk jmb